MICHAEL SULLIVAN v. EDMUND HALL.

86    7
f140 ³114

*Log-lien proceedings—Statement of lien—Jurat—Notary public— Certiorari.*

1. Where the return of a justice to a writ of *certiorari* in a log-lien case does not contain the evidence taken before him, which was not reduced to writing, but states that the plaintiff was sworn in his own behalf, and that after listening to the testimony, and after due deliberation, he gave judgment for the plaintiff, the appellate court cannot presume that there was. no evidence tending to support such judgment.

2. Where in such a case the description of the property is the same in the writ of attachment and the declaration, there is no force in an objection that there was no evidence tending to prove that the property mentioned in the writ and the declaration was identical.

3. The appearance of an attorney at law who, as notary public, had sworn a claimant to a statement of lien, as attorney for the claimant in a suit in justice's court to enforce said lien, will not affect such verification, which is not in violation of How. Stat. § 637.

4. The failure of a notary public appointed by the Governor under Act No. 117, Laws of 1887, before whom a statement of lien purports to have been sworn to, and which contains no caption showing in what county or state it was made, to designate in

the jurat the county from which he is appointed, will not invalidate the statement of lien.

5. The log-lien law of 1887 (Act No. 229) is constitutional; citing *Craddock v. Dwight*, 85 Mich. 587.

Error to Clare. (Hart, J., Argued April 16, 1891. Decided May 8, 1891.

Proceedings under log-lien law of 1887. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. W. Perry* and *Henry A. Chaney*, for appellant, contended:

1. The statement of lien is a nullity. The law (Act No. 229, Laws of 1887, § 2) requires it to be sworn to, and this involves an affidavit, which "is an oath in writing, sworn before and attested by him who has authority to administer the same;" citing 1 Bac. Abr. 146; and the jurat should state when, where, and before whom the affidavit is sworn; citing 1 Tidd, Prac. 494.

2. The authority to administer the oath, and the fact that it was taken before the officer having such authority, are indispensable to a good affidavit. It is not enough that those conditions exist in *fact*, but they must appear affirmatively, though whether they appear from the venue, the body of the affidavit, the jurat, or the signature thereto is immaterial. This is the ruling in the English cases, as followed by this Court in *Smart v. Howe*, 3 Mich. 590; *Cross v. People*, 10 Id. 24; *In re Teachout*, 15 Id. 346; *Griffin v. Forrest*, 49 Id. 311; and in those cases in which the Court has seemed to modify this rule, or to dispense with the technical form of a notarial certificate, it still recognizes the necessity of a showing of the substantial conditions; citing same cases.

3. A notary in Michigan is an inferior officer, deriving all the power he has from positive statute; citing How. Stat. § 631; and the jurisdiction of such an officer should appear affirmatively. His certificate must be "under his hand and seal" to be presumptive evidence of the facts contained in it; citing How. Stat. § 632.

4. But the mere signing of one's name cannot be the official signature contemplated. The authority to sign must be disclosed.

It must be shown, for example, where conveyances are made by a guardian, a trustee, an executor, or by any one who acts in any special capacity. The entry of a justice's judgment must be signed officially; citing *Howard v. People*, 3 Mich. 207; *Hollister v. Giddings*, 24 Id. 501; and so must a transcript of it; citing *Bigelow. v. Booth*, 39 Id. 622; and where an affidavit is made for an appeal from before a justice, it is evident from the decision in *Dickinson v. Simondson*, 25 Mich. 113, that, if taken before any one but the justice himself, an official signature to the jurat is necessary. The certificate of acknowledgment to any sort of a deed must be signed; citing *Ryerson v. Eldred*, 18 Mich. 12, 15; *Marston v. Brashaw*, Id. 81; and signed officially; citing *Final v. Backus*, 18 Mich. 218; *Wright v. Wilson*, 17 Id. 192; and the clerk of a court is expected to sign officially on verifying an information; citing *People v. Murphy*, 56 Mich. 546; and a supervisor must sign officially his warrant for the collection of taxes; citing *Bank v. St. Joseph*, 46 Mich. 526.

5. To say nothing, then, of the affidavit's having no venue (*Persinger v. Jubb*, 52 Mich. 304), it is not even entitled; citing *Graham v. Elmore*, Har. Ch. 265; *Whipple v. Williams*, 1 Mich. 115; *Arnold v. Nye*, 11 Id. 456; and, what is also fatal, it is sworn to before a person who had no right to administer the oath (*Greenvault v. Bank*, 2 Doug. 498), because, as the record shows, he was claimant's attorney, and an attorney cannot swear his own client; citing How. Stat § 637; *McCaslin v. Camp*, 26 Mich. 390; *Snyder v. Hemmingway*, 47 Id. 549; *Bradley v. Andrews*, 51 Id. 100.

*W. A. Burritt,* for plaintiff.

LONG, J. This action was brought by attachment in justice's court under Act No. 229, Laws of 1887, to enforce a lien upon certain logs of the defendant. On the trial plaintiff had judgment for $16 and costs of suit, and for a lien upon the logs. The cause was removed by *certiorari* to the circuit court for Clare county, where the judgment was affirmed. The cause comes to this Court by writ of error.

The errors complained of are set forth in the affidavit for the writ of *certiorari* to the justice, and are:

1. That the notice of the lien was not properly sworn to as required by the act.

"2. Because no testimony was given on the trial tending to prove any agreement with defendant or any authorized agent of his, or any contractor under defendant, with plaintiff that he should do any work on said logs, and no proof that defendant or any agent of his or contractor under him knew that plaintiff was doing work on said logs.

"3. Because no testimony was offered of any contract with defendant or his agent for any specific wages, and no proof of how much his labor was worth.

"4. Because said justice gave judgment in said cause for an attorney fee of five dollars.

"5. Because the person who claimed to be the attorney for plaintiff, and was so recognized by said justice, undertook to administer the oath to plaintiff of the notice claiming lien against the property attached.

"6. Because the evidence given at the hearing of said cause did not warrant any of the findings or judgment of the court.

"7. Because no evidence was given tending to prove that the property mentioned in said writ of attachment and in plaintiff's declaration are the same."

There is no force in the objections made that there was no evidence tending to show the plaintiff's claim. The evidence was not reduced to writing, and is not returned. The justice, in his return, states that the plaintiff was sworn in his own behalf, and after listening to the testimony, and after due deliberation, he gave judgment for the plaintiff. Under these circumstances we cannot presume that there was no evidence tending to support the judgment.

The writ of attachment contains a description of the property attached, and the declaration contained the same description, and there is therefore no force in the seventh assignment of error.

It is not shown that the notary public who administered the oath to the plaintiff on the statement or claim of lien was the attorney for the plaintiff at that time. The lien was sworn to, and filed in the office of the

county clerk, as provided by the statute. The notary public who administered the oath thereto afterwards appeared in justice's court as attorney for the plaintiff. This is not in violation of section 637, How. Stat., and does not fall within the ruling of cases cited by defendant's counsel.

The fourth assignment of error is not noticed in the brief of counsel, and will be treated as abandoned.

The only remaining assignment of error is the first, which relates to the notice of lien. No objection is made to the statement except that the same does not show in what county the oath was administered. The claim of the lien is in the following form:

"The statement of lien made under oath of Michael Sullivan for work and labor performed by Michael Sullivan in manufacturing, cutting, skidding, the following described property, to wit: One million feet of white pine, and hemlock saw-logs, marked as follows:

"That the last day's work of said labor was done on the 8th day of February, 1889, and said labor was performed in the county of Clare; and the said described property, or a portion of the same, is now situated in the county of Clare, State of Michigan; and that there is now due claimant for said work and labor, over and above all legal set-offs, the sum of $16, as near as may be, for which said sum a lien is claimed upon said described property.

"MICHAEL SULLIVAN.

"Subscribed and sworn to before me this 9th day of February, 1889.

"HENRY K. WICKHAM, Notary Public."

The statement of lien has no caption showing the county or state in which it was made. It follows the form laid down in the statute, but, inasmuch as the notary public does not state in the jurat the county in which he acts as such officer, it is contended that no

valid lien was filed authorizing the bringing of the writ of attachment under this statute. How. Stat. § 632, provides that his certificate, when under his hand and seal, shall be presumptive evidence of the facts contained in it, except in certain specified cases. His right to the office comes from an appointment by the Governor of this State, and his compliance with the requirements of the statute in filing oath of office, bond, etc. Act No. 117, Laws of 1887. By this same statute the county clerk of the county in which the oath of office and bond are filed is required to transmit the name of such person to the State Treasurer and Secretary of State. Thus it is that the fact whether one is a notary public may always be ascertained in the office of the State Treasurer and of the Secretary of State, as well as in the office of the county clerk in the county for which the appointment is made. Therefore the objection that the statement of lien contains no venue, and the party whose property is thus incumbered has no means of ascertaining whether the person who acts as notary public is such in fact, has no force. It is not true, as claimed, that the party who desires to ascertain the fact must go from one county clerk's office to another to get the desired information. An inquiry at the office of the Secretary of State would at once show the fact, as it is a matter of record there. A notary public is in no sense a county officer.

"The Governor, by and with the advice and consent of the Senate, may appoint one or more persons notaries public in each county, who shall hold their offices," etc. Act No. 117, Laws of 1887.

While it is very proper that a notary public should sign himself as a notary public in and for the county from which he is appointed, yet his certificate would not

be fatally defective if the designation of the county is omitted. He may act in any part of the State, and his official acts are not confined to the county where he resides.

It is true that under the amendatory act of 1889 (Act 74, Laws of 1889) no person is eligible to the office of notary public unless the person is a resident of the county of which he or she desires to be appointed, yet their official acts are not necessarily confined to that county. The office would undoubtedly become vacant by removal from that county, but it does not follow that for this reason the party is a county officer. The appointment has always been regarded as one of State matter, rather than that of county. It is a State appointment, and the omission of the venue would not be a fatal defect in the jurat. It cannot matter to the party to be affected by such certificate from what particular county the notary public was appointed.

In legal phraseology "venue" means the county where a cause is to be tried, and originally a venue was employed to indicate the county from which the jury was to come.

The necessity of stating a venue at all is reluctantly confessed by the authorities. *Bean v. Ayers*, 67 Me. 487; *Briggs v. Bank*, 5 Mass. 95. In process or pleading, the objection under the strict rules of the common law, and perhaps under our statute, to the want of venue might be taken advantage of by demurrer. It may also be true that a certificate made by a justice of the peace would be void if it omitted the venue, were no venue stated at all in the instrument. But the question here involved is not to be governed by the reasons which would be applicable in such cases.

Claim is also made by appellant in his brief that the act under which the lien is claimed is unconstitutional

and void. That question was settled by this Court in *Craddock v. Dwight*, 85 Mich. 587, and the cases there cited.

Judgment affirmed, with costs.

The other Justices concurred.