## JOHN B. ARMSTRONG v. CHARLES EMMET.

Delivered May 13, 1897.

**1. Transfer of Cases From District to County Court—Legislative Power.**

An Act of the Legislature directing the transfer of cases from the District to the County Court, the jurisdiction of the latter court being restored by the act, is not in conflict with the provision of the Constitution (section 45, article 3) which vests in the courts the power to change the venue of cases.

**2. Same—Order of Court Necessary.**

Where an Act of the Legislature provides for the transfer of cases from the District to the County Court on the written motion of a party, an order of the District Court for the transfer is required.

**3. Same—Irregularity Waived.**

Where a case is transferred from the District to the County Court without an or-

der of court, the irregularity is waived by a delay of more than a year, with repeated continuances and the making of a motion to strike out certain pleadings before objection is offered to the manner of the transfer.

**4.  Pleading—Sufficient Allegation of Damages for Breach of Contract.**

Where defendant alleged in reconvention that plaintiff contracted to furnish him money and supplies necessary to run his ranch for a year, but had failed to do so, and that he was arranging to make certain improvements, so that he could pasture a larger number of cattle, as plaintiff knew, and that by reason of such failure he was compelled to give up taking the additional cattle, to his damage $850, and had to make a trip of 100 miles to arrange for supplies, to his damage in loss of time and traveling expenses $150, the averments were sufficient to admit proof of the damage alleged.

**5.  Practice—Amendment of Pleading.**

Where the court overrules exceptions to a pleading, but on the trial refuses to admit evidence under it, an amendment of the pleading should be permitted.

**6.  Practice on Appeal—Assignment of Error.**

An assignment of error complaining of the trial court's action in overruling an exception presenting limitations against an amended pleading because it set up a new cause of action, can not be sustained where the transcript does not contain the original pleading, and the record does not disclose its allegations other than by their being copied into complainant's brief.

APPEAL from the County Court of Nueces.  Tried below before Hon. W. B. HOPKINS.

*Bethel Coopwood*, for appellant.

*McCampbells & Welch* and *D. McNeill Turner*, for appellee.

GARRETT, CHIEF JUSTICE.—This was an action of debt brought by the appellee against appellant upon open account for the sum of $773.50. Appellant pleaded in reconvention $1000 damages for the breach of an alleged contract with the appellee to furnish appellant certain money and supplies.

On March 13, 1893, the cause was pending in the District Court of Nueces County, on which date a law was passed by the Legislature restoring the civil jurisdiction of the County Court of Nueces County, which had been previously taken away from it.  Acts 1893, p. 20.  Appellee filed a motion in the District Court, where the cause was pending, to have the same transferred to the County Court.  Without any action on the motion by the District Court, the clerk of the District Court made out a transcript from the minutes of the court, and filed it, together with the original papers, in the County Court on October 10, 1893.

Appellant made a motion to strike the cause from the record of the County Court, because (1) no order of the District Court had ever been made transferring it to the County Court; and (2) because it appeared that the County Court had never acquired any jurisdiction of the cause. The latter contention was based on the proposition that the amount in controversy, being within the original jurisdiction of the District Court as conferred by the Constitution, and such jurisdiction having legally attached in the case, it could not be taken away by the Act of the Legislature restoring the civil and criminal jurisdiction to the County Court

of Nueces County; and it was asserted, as the contention here now is, that in so far as the law undertakes to provide for a transfer from the District to the County Court in cases where the jurisdiction of the two courts is concurrent, it is unconstitutional, as being in violation of article 3, section 45, of the Constitution, which vests the power to change the venue of civil and criminal cases in the courts.

This motion was overruled by the court below, and we think correctly. The venue of a case is the county or district in which an action is brought for trial, and which is to furnish the panel of jurors, and to change the venue is to transfer the cause for trial to another county. Black's Law Dic., "Venue." This the Legislature did not attempt to do. It only provided for the transfer of the cause from one court to another, both in the same venue, and having concurrent jurisdiction thereof. This the Legislature might lawfully do, in order to relieve the crowded condition of the docket of the District Court, and to facilitate the disposition of causes. Lytle v. Halff, 75 Texas, 130.

But the law in question, with reference to cases in which the two courts have concurrent jurisdiction, provides that the transfer shall be made upon the written motion of either party thereto. This implies, we think, action on the part of the District Court, and it was error to transfer the cause without an order of that court.

We are of the opinion, however, that jurisdiction might be conferred on the County Court, in such case, by consent, and that the consent of the appellant to the transfer must be inferred from his long acquiescence therein before making his motion to strike the cause from the docket of the County Court. The papers were filed in the County Court October 10, 1893. The cause was continued from term to term until the March term, 1895, when, on March 20, the appellant moved to strike out certain pleadings of the appellee. This motion was overruled. On March 22 the motion to strike the cause from the records was filed. Appellant not only acquiesced in the pendency of the suit in the County Court for nearly a year and a half, but appeared and invoked the action of the court in a matter in which he recognized the jurisdiction thereof. He must be held to have waived the irregularity of the want of an order of the District Court, and to have consented to the jurisdiction of the County Court. Marx v. Heidenheimer, 63 Texas, 304.

It seems that the lost pleadings were substituted as required by law, and it was not error to overrule the motion to strike them out. The writ of certiorari to the District Clerk for the missing order of that court substituting the papers was properly issued.

Appellant pleaded in reconvention against the appellee damages for the breach of a contract to furnish money and supplies for the entire year 1887. He alleged that the money and supplies sued for were furnished to him by the appellee in accordance with a contract between them by which the appellee agreed to furnish him with supplies and money to run his cattle ranch for the year 1887, but that in June, 1887, the appellee refused to furnish him any further, and thereafter failed

and refused to do so.  He averred that he was pasturing a large number of cattle, and was arranging to make improvements so that he could pasture a larger number, all of which appellee knew; and that, on account of the breach, appellant was compelled to discharge the men engaged in making the improvements, and to give up taking additional cattle, to his damage $850; and that, by reason of said breach, he was compelled to leave his ranch and travel the distance of 100 miles, to arrange for supplies for his men and ranch, to his damage, on account of loss of time and traveling expenses, $150.  Appellee demurred to the plea in reconvention.  The court overruled the demurrer; but when the appellant offered to prove his alleged damages, the court sustained objection to the evidence, and excluded it.  Appellant then asked leave to withdraw his announcement of ready, and to amend his pleading to meet the views of the court.

The averments in the petition were sufficient to admit proof of damages for the alleged breach of the contract, and the court erred in refusing to hear the evidence.  But if the plea in reconvention should have been subject to special exception, in that case, having overruled the exceptions thereto, the court should have allowed the appellant to withdraw his announcement and amend it.  It was sufficient on general demurrer, to permit the introduction of evidence to show what damages, if any, appellant had sustained.  All of the evidence offered should have been received.  It would have been necessary to have followed it up with other evidence, as it appears in some of the bills of exception; but one of the bills shows that the court refused to allow the appellant to testify whether or not he had sustained any damage, and if so, what it was.

Appellee has made two cross-assignments of error, upon which he contends that the judgment of the court below should be affirmed.

"1.  The trial court erred in overruling appellee's exception setting up the plea of limitation to the damages alleged in appellant's amended answer and plea in reconvention filed March 22, 1895.

"2. · The damages set up by appellant, showing on their face that they were not such as were in the contemplation of the parties to the alleged verbal agreement at the time of its execution, and not being the proximate and natural result of the alleged breach of said contract, but on the other hand being remote, speculative, and uncertain, the court erred in overruling appellee's demurrers and exceptions thereto."

Only two pleadings of the appellant appear in the record — his amended original answer, filed March 22, 1895, which shows that it was filed in lieu of his original answer, filed October 5, 1888, and his first supplemental answer, filed October 8, 1888, and which consisted of exceptions to appellee's first supplemental petition.  The third subdivision of the amended original answer set up in reconvention the damages claimed by the appellant for the breach of the contract.  Not having the original answer before us, we can not say whether the amendment filed in 1895 set up a new cause of action or not.  Appellee copies in his

brief what purports to be a paragraph of a plea in reconvention setting up the damages which he says were alleged in the original answer, but the transcript does not contain the pleading. The plea in reconvention was sufficient to admit of proof of damages.

The judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*