123 P.2d 726

**PEISKER v. CHAVEZ, District Judge.**

**No. 4671.**

Supreme Court of New Mexico.

Jan. 15, 1942.

Rehearing Denied April 7, 1942.

Reese P. Fullerton, of Santa Fe, for petitioner.

Barker & Remley, of Santa Fe, for respondent.

BRICE, Chief Justice.

In this original action this court issued an alternative writ of prohibition directing the respondent to refrain from further proceeding unless permitted by order of this court, in a certain cause pending in the district court of the first judicial district sitting within and for the county of Rio Arriba, in which the relator was defendant; and requiring respondent to show cause herein why he should not be absolutely restrained from proceeding further therein.

The facts are in substance as follows:

The suit mentioned was filed and the cause was pending in the district court of the first judicial district in and for the county of Rio Arriba. Relator is a resident of Rio Arriba county and plaintiff in said suit is a resident of Bernalillo County. The respondent (presiding judge of the first judicial district), after said cause was at issue, entered an order which provided that it should be tried in Santa Fe, the county seat of San-

ta Fe county, on October 25, 1941. Relator appeared specially prior to said date, and moved that the setting so made be vacated upon the ground that the venue of said cause was in the county of Rio Arriba, and that the respondent was without jurisdiction to either try or enter a judgment therein in Santa Fe County. The suit was for a money demand.

For convenience the clerk of the district court of the first judicial district keeps in his possession in Santa Fe, the court records of Rio Arriba county, by order of respondent.

Relator's motion was overruled and he refused to proceed further in said cause. Thereupon testimony was presented by the plaintiff and said cause tried ex parte upon its merits. A judgment was prepared and signed in Santa Fe county, and there filed and entered in the court records of Rio Arriba county.

The question is whether the presiding judge of the first judicial district, over the protest and against the will of the relator, had *jurisdiction* to try said cause, sign and cause to be filed and entered in the records of the district court of Rio Arriba county, held and kept by the clerk of the district court at his office in the city of Santa Fe in Santa Fe county, a judgment in said cause.

This action is transitory, and its venue is fixed as follows:

"All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:

"First. 1st, all transitory actions shall be brought in the county where either the plaintiff or defendant or some one of them, in case there be more than one of either, resides; 2nd, or in the county where the contract sued on was made or is to be performed, or where the cause of action originated or indebtedness sued on was incurred; 3d, or in any county in which the defendant or either of them may be found in the judicial district where the defendant resides. * * *." Sec. 147-101, N.M.Sts.1929.

The relator was a resident of Rio Arriba County, and the action was properly brought there. This is not questioned, but relator's complaint is that the district court, over his objection, tried the cause in Santa Fe county.

The fact that the statutes provide that "* * * actions shall be *brought* in the county," etc., and fails to state that they shall be *tried* in such county is immaterial. It is the general rule that actions must be tried where brought unless the venue is changed.

There would be no reason to have statutes providing for the venue of suits if the district judge may try them outside the county in which they are brought, over the objection of a party.

The federal venue statute is as follows: "When a State contains more than one district, every suit not of a local nature * * * against a single defendant * * * must be brought in the district where he resides * * *." U.S.C.A. Title 28, Sec. 113.

Regarding this statute the Supreme Court of the United States said: "The acts of congress, prescribing in what districts suits between citizens or corporations of different states shall be *brought,* manifest the intention of congress that such suits shall be *brought and tried* in such a district only, and that no person or corporation shall be compelled to answer to such a suit in any other district." Southern Pacific R. Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 47, 36 L.Ed. 942 (Emphasis ours.)

■ The statutes have been referred to, and treated by this court and the Territorial Supreme Court, as venue statutes since they were enacted ninety years ago. The modern conception of the venue of an action is its place of trial. Commonwealth v. Reilly, 324 Pa. 558, 188 A. 574; State ex rel. McAllister v. State, 278 Mo. 570, 214 S.W. 85, 8 A.L. R. 1226; Loftus v. Pennsylvania R. Co., 107 Ohio St. 352, 140 N.E. 94; Sullivan v. Hall, 86 Mich. 7, 48 N.W. 646, 13 L.R.A. 556; Armstrong v. Emmet, 16 Tex.Civ.App. 242, 41 S.W. 87.

■ The fact that no terms of court are provided for the trial of nonjury cases does not affect the right of a litigant to have his case tried in the county of its venue. The convenience of litigants and witnesses is to be considered equally with the right to have a jury of the county in which the venue is laid to hear the case.

It is asserted by appellee that the Constitution of New Mexico established district courts in each district, and not district courts of the respective counties; that there is no provision of the Constitution or of that law which requires the district judge to try nonjury cases in any particular county or at any particular place or time; from which it is reasoned that a district judge may in his discretion hear or try a case at any place within his district, if the statutory notice that the cause will be called for trial at a stated place and time, is duly served.

Section 1 of Article VI of the Constitution vests the judicial power of the state in certain tribunals, among which are the district courts. By section 12 of Article VI, provision is made for a division of the state into judicial districts and for the choosing of a judge "for each district by the qualified electors thereof."

Section 13 of Article VI provides: "The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law. * * * Until otherwise provided by law, at least two terms of the district court shall be held annually in each county, at the county seat."

Respondent also relies on the following statute: "Any judgment, or decree, except in cases where trial by jury is necessary, may be rendered by the judge of the district court at any place where he may be in this state, and the district courts, except for jury trials, are declared to be at all times in session for all purposes, including the naturalization of aliens. Interlocutory orders may be made by such judge whenever he may be in the state on notice, where notice

is required, which notice, if outside of his district, may be enlarged beyond the statutory notice, for such time as the court shall deem proper * * *" 105-801, N.M.Sts. 1929.

■ The fact that the district court is open at all times for the trial of nonjury cases has reference to the court (not the judge alone) sitting at an authorized place for trying an action. In legal contemplation a court is more than the judge, it is a tribunal established for the administration of justice, which sits for that purpose at a fixed time and place. Hamblin v. Superior Court, 195 Cal. 364, 233 P. 337, 43 A.L.R. 1509 and annotations at pp. 1516 et seq. There are no fixed terms for such trials, but the time must be fixed by a proper order and notice in adversary actions.

■ The suggestion that there is no provision made by the Constitution or laws of this state for the trial of nonjury cases at any particular place within a judicial district, we think is untenable. While the Constitution provides for the holding of terms of court in each county, this has reference to terms for the trial of jury cases. It has been the practice since the organization of the territory to hold the trials of district court at the county seats of the several counties, except when the parties agree otherwise. By an act of the territorial legislature, approved February 4, 1864, (N.M. Comp.L.1897, § 903) it was provided that "the district courts, and courts of the probate judges shall be held at the county seats of the different counties." Also, by Sec. 1 of Ch. 8, N.M.L. 1878, it was provided "that district courts be and are hereby established in each of the several counties of this territory." These statutes were brought forward as sections 903 and 904 of the Compiled Laws of 1897 and were in force at the time the Constitution was adopted. They were omitted from the compilation of 1915, but we think this is totally immaterial. It has been the custom in this state, and the Territory before statehood, to hold the district court for the trial of all cases in the respective county seats, for nearly one hundred years, during which time there has been no statute to the contrary. It was held by the Supreme Court of Indiana in Board of Com'rs v. Gwin, 136 Ind. 562, 36 N.E. 237, 22 L.R.A. 402, that long acquiescence in the universal custom of courts to sit at county seats is equal to positive law requiring the courts to be held at those places. On this question see 14 A.J. "Courts" § 40; and cases there cited.

■ But the question here is not whether the trial court merely erred in overruling relator's motion to vacate the setting, but whether he had *jurisdiction* to try the case and sign a judgment in Santa Fe county. The three essential elements of jurisdiction are, (1) jurisdiction of the class of cases to which the one to be adjudged belongs, (2) jurisdiction of the parties to the action, and (3) the point decided must be in substance and effect within the issues. In re Field's Estate, 40 N.M. 423, 60 P.2d 945; State v. Patten, 41 N.M. 395, 69 P.2d 931. Clearly the district court of Rio Arriba county had such jurisdiction.

The jurisdiction of the district court was not limited by the Constitution to any particular territory, except as to appellate jurisdiction of cases originating in inferior courts. The Constitution confers on it "original jurisdiction in all matters and causes not excepted" in the Constitution.

It was left for the legislature to provide for the venue of cases, as it has done. As the action was transitory it might have been brought and tried in any county in the state, in the absence of a plea of privilege, Romero v. Hopewell, 28 N.M. 259, 210 P. 231; Albuquerque, etc., Coal Co. v. Lermuseaux, 25 N.M. 686, 187 P. 560, and a judgment entered would have been valid. The New Mexico statute quoted (§ 105-801, N.M.Sts.1929) provides that "any judgment, or decree * * * may be rendered by the judge of the district court at any place where he may be in this state." This gives him jurisdiction to enter a judgment in a cause pending in Rio Arriba county when in any other county in the state. He was therefore authorized to render and cause to be entered the judgment, although at the time he was in Santa Fe county. Chapter 150 N.M.Laws 1939 provides that the district judge may appoint a clerk of the district court whose duties shall be performed in such counties as may be designated by an order of the district judge and who shall be the custodian of the records of the court for the counties in which he has authority to act. It is further provided:

"If a clerk of the district court is appointed for more than one county in any district and no deputy or assistant clerk is appointed for any county where the clerk does not have and maintain his office, such clerk may and shall upon the order of the district judge keep all books, records, files and other property of such county at the county seat of the county in said district where such clerk maintains his office and there perform all duties as clerk of the district court for such county in which no deputy or assistant is appointed." Section 4.

A clerk of the district court was appointed for Santa Fe, Rio Arriba and other counties and keeps no deputy clerk in Rio Arriba county. He is required by law to keep the district court records in Santa Fe county. As the district judge was authorized to render judgment in Santa Fe county and the district court records of Rio Arriba county are kept in Santa Fe county by authority of law, then the clerk of the district court was authorized to enter a judgment in that county.

We conclude that as the venue of the cause was laid in Rio Arriba county, the trial court erred in trying it in Santa Fe county over relator's objection.

The parties could bindingly agree that the trial judge might hear the testimony in any county in his district, thereby waiving venue as to a part of the proceeding, as they might have waived it as to all.

But the question here is one of jurisdiction; and we are of the opinion that the district court of Santa Fe county was not without jurisdiction of the subject matter of the suit. The authorities are not in harmony,

largely because of difference in the applicable provisions of the constitutions and laws of the several states. But we need not discuss the matter further; but see Hamblin v. Superior Court, supra, and annotations in 43 A.L.R. at page 1509 et seq.

As the question is one of jurisdiction, the petition should be dismissed with costs. Appellant's remedy doubtless was by motion to vacate judgment on account of irregularity or by appeal.

It is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.