201 P.2d 366

HERON v. GAYLOR.

No. 5153.

Supreme Court of New Mexico.

Dec. 23, 1948.

Kenneth A. Heron, of Chama, pro se.

Bigbee & Kool, of Santa Fe, for appellee.

McGHEE, Justice.

This action was instituted by the plaintiff-appellant in the District Court of Rio Arriba County on September 28, 1937, seeking to enjoin the defendant-appellee from trespassing on certain lands. Summons was served and presumably the defendant answered seasonably, but the answer is not a part of the record. On June 19, 1944, the plaintiff filed his first amended complaint and an answer thereto was filed on July 21, 1944. Nothing further appears to have been done in the case until on July 11, 1947,

when the defendant filed a motion to dismiss under Rule 41(b) and (e), Rules of Civil Procedure, for the reason that more than two years had elapsed since anything had been done to bring the case to final determination.

The next action in the case was when the motion came on for hearing at Santa Fe, Santa Fe County, New Mexico, on January 21, 1948, pursuant to a setting and notice as provided by Rule 6 of the District Court of the First Judicial District of which Rio Arriba County is a part, which reads:

"6. That at 10:00 A. M., on the Wednesday following the third Monday of each month, the Court, at Santa Fe, will hear all motions which have been pending and served upon opposing counsel more than ten (10) days previously, provided that on timely application, motions may be continued until a definite date.

"(a) Notice of the hearing upon any motions hereinbefore mentioned, shall be mailed to attorneys of record by the Clerk of this Court not less than five (5) days prior to said day.

"(b) Said motion day shall be applicable to all causes, either in Santa Fe or in Rio Arriba Counties, provided that should demand be made, that any of said causes pending in Rio Arriba County shall be heard at Tierra Amarilla, then and in such event, the setting of the day for the hearing on said motion will be made upon the aforesaid day."

The defendant did not make any objection to hearing the case in Santa Fe or appear for the hearing, whereupon the following order was entered:

### "Order

"This matter having come on for hearing upon the Motion to Dismiss filed by the defendant, the defendant appearing by his attorney, Harry L. Bigbee, and the plaintiff not appearing, although properly served with notice of time of hearing on said motion by the Clerk of the District Court of the First Judicial District, who duly gave more than five days notice of the time for hearing, as required by the Rules of Civil Procedure in the District Courts of the State of New Mexico, and the Rules of the District Court of the First Judicial District, and the Court further finding that this motion was duly set down for hearing at ten o'clock, A.M., at the Courthouse in Santa Fe, New Mexico, on the 21st day of January, 1948, at which time this matter was brought on for hearing, the Court having waited until eleven o'clock, A.M., to hear said motion, and the Court further finding that the plaintiff had waived a hearing in Rio Arriba County and had consented to the hearing of this motion in Santa Fe County by failing to demand a hearing in Rio Arriba County as provided in the Rules of the District Court for the First Judicial District, and the Court finding that it has jurisdiction of the parties and subject matter hereof, and jurisdiction to hear

and determine the said motion in Santa Fe County, and that the plaintiff had waived a hearing in Rio Arriba County and consented to a hearing in Santa Fe County, and the Court being fully advised in the matter,

"Finds, that all facts set forth in the defendant's motion are true and correct as disclosed by the record in said cause, and the records in the office of the Clerk of the District Court of the First Judicial District,

"Wherefore, the Court orders, that the above entitled and numbered cause be and the same is hereby dismissed with prejudice.

"/s/ David W. Carmody
"District Judge"

On February 20, 1948, the plaintiff filed the following motion to vacate the judgment of dismissal:

"Comes now the plaintiff in this cause and, appearing special and for the purpose of this motion only, moves the Court to vacate the judgment entered in this cause on the 23rd day of January, 1948, and for grounds states:

"1. That this action involves land in Rio Arriba County, New Mexico, and the venue of the cause, and the place where all issues of fact and law are to be determined is in Rio Arriba County, New Mexico (Sec. 19-501, 1941 Comp.Stats.), and this plaintiff has not consented to any change of venue to Santa Fe County, where the hearing on the defendant's motion to dis-

miss plaintiff's complaint was had on the 21st day of January, 1948. Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726.

"2. That the record herein, and the Judgment heretofore entered, as above, indicate that rule of the District Court of the First Judicial District has been adopted requiring this plaintiff to appear in Santa Fe County, outside of the venue of the case, but plaintiff states that such a rule is not binding on this plaintiff, particularly, for these reasons:

"a. It requires this plaintiff to appear for the trial of points of law or facts before a Court outside of the venue of this cause, and such a rule is contrary to the provisions of Sec. 19-101 (82), adpoted by the Supreme Court of the State of New Mexico, governing procedure of District Courts, Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726.

"b. That no statute or rule of Court requiring this plaintiff to appear before this Court outside of the venue of the case had been adopted prior to the institution of this action, and any such rule or statute adopted after the institution of this action could not affect the rights of the plaintiff in the case. Constitution of New Mexico, Art. 4, Sec. 34, and City of Roswell v. Holmes et al., 44 N.M. 1, 96 P.2d 701.

"3. That this plaintiff, under the provisions of Sec. 19-508, 1941 Comp.Stats., has a right to observe and form an opinion as to the impartiality of the Judge now pre-

siding over the District Court of Rio Arriba County, N.M., and this right could not be extinguished until ten days before the opening day of the June, 1948, regular term of the District Court in Rio Arriba County (Sec. 19-509, 1941 Comp.Stats.).

"4. That the judgment entered herein is *with prejudice* and thus affects a substantial right of the plaintiff to renew the action within six months in accordance with the provisions of Sec. 27-113, 1941 Comp. Stats."

On March 17, 1948, an order was entered denying the motion to vacate the judgment.

The first point on which the plaintiff relies for a reversal is that as the case was for trespass upon lands in Rio Arriba County, that it was instituted in that county, that all the parties reside there, that he could not be required to appear before the court in Santa Fe, New Mexico, for a hearing on matters of law or fact, and that any action taken in Santa Fe without his specific consent was void as to him.

If it be the plaintiff's position that the court acted without jurisdiction, then he is in error; rather, it is a question of venue. Singleton v. Sanabrea, 35 N.M. 491, 2 P.2d 119; Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726. The case was properly filed in Rio Arriba County where the acts complained of occurred and where the parties resided.

The plaintiff had the right to have the hearing held at the county seat of Rio Arriba County and failure to hold it there was error unless such right has been waived. Peisker v. Chavez, supra.

The rule on the law of waiver as to venue is set out in Bowers, Law of Waiver, Sec. 379, as follows:

"The county in which an action shall be tried may be agreed upon by the parties. Or if the county in which the action is brought is not the proper one for the trial thereof, the action may nevertheless be tried therein unless the defendant by proper objection demand that it be tried in the county prescribed by law. But the objection must be raised prior to trial or it will be deemed waived. And any conduct on the part of the defendant manifesting satisfaction with the venue until after the trial, or his abiding by it until the matter has proceeded to a hearing will be sufficient to constitute a waiver."

It received our approval in Singleton v. Sanabrea, supra.

It was stated by the Supreme Court of the United States in Industrial Addition Association v. Commissioner of Internal Revenue, 323 U.S. 310, 65 S.Ct. 289, 292, 89 L.Ed. 260:

"The right to have a cause heard in the court of the proper venue may be lost unless seasonably asserted; and in that event, the court of trial having jurisdiction but not the proper venue may render a judgment binding on the parties.

■ The order dismissing the cause recites the giving of notice and the motion to vacate does not claim that notice was not given or received. So far as the record discloses, the plaintiff took his chances on the outcome of the motion and when the judgment was against him asked that the trial judge vacate the order and give him another hearing. We hold that by his apparent acquiescence in hearing the motion at Santa Fe he waived his right to have it heard in Rio Arriba County.

■ The second point relied upon for a reversal is that Rule 6, supra, having been adpoted after the cause was commenced, could not affect a substantial right of the plaintiff.

In support of this contention he cites Art. 4, Sec. 34 of the Constitution of New Mexico, providing that no act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure in any pending case, and the holding of this court in City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701.

In Volume 34 of Words and Phrases, Perm.Ed., at page 78, we find the following definition of procedure:

"The term 'procedure' is so broad in its signification that it is seldom employed in our books as a term of art. It includes in its meaning whatever is embraced by the three technical terms 'pleading,' 'evidence,' and 'practice.' The word means those legal rules which direct the course of proceedings to bring parties into court, and the course of the court after they are brought in."

A more concise definition is found in Jones v. Erie R. Co., 106 Ohio St. 408, 140 N.E. 366, 368, as follows:

" 'Procedure' is the machinery for carrying on the suit. * * *"

Is the naming of a day certain each month for the hearing of motions with a direction to the clerk to give notice thereof to the attorneys and litigants, instead of the former custom of hearing them on notice by the attorneys or on an order of the court at irregular periods, a change in procedure contemplated by the constitution provision, supra?

Surely a trial court has the authority to order that motions be set for hearing on a day certain, and that the clerk give due notice thereof. We can see no difference between setting them at irregular intervals and for a day certain each month, except that the latter method makes for greater efficiency in the handling of a court docket.

We can not agree with the contention of the plaintiff that the setting and hearing of the motion in this case on a day certain named in the rule was a change in procedure proscribed by the constitution.

■ The plaintiff next urges that he had the right to disqualify the presiding judge who had taken his oath of office on September 3, 1947, claiming that an affidavit would have been timely if it had been filed ten days before the June, 1948, term. He over-

looks the fact that the December, 1947, term had passed after the filing of the motion. Sec. 16-304, 1941 Comp. Viewing the point in the light most favorable to him he had let the time elapse for disqualifying the judge who later heard the case.

■ The next point raised is that the court exceeded its jurisdiction in dismissing the cause with prejudice for the reason it was pending at the time of the adoption of Rule 41(e) of the Rules of Civil Procedure. He overlooks the fact that this rule is but a continuation of Chapter 121, Laws of 1937, except for the omission of the following:

"No pending action or proceeding shall be dismissed under the provisions hereof until ninety days from and after the effective date of this Act."

Chapter 121 was in effect when this case was filed.

The plaintiff had been allowed to keep this case on the docket for more than ten years without any apparent attempt to bring it to trial. He is in poor position to complain of the action of the court in dismissing it for want of prosecution.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.