**AMERICAN LLOYDS v. WILLIAMS et al.**

No. 4785.

Court of Civil Appeals of Texas. Beaumont.

May 29, 1952.

Strasburger, Price, Holland, Kelton & Miller, Dallas, for appellant.

Faver & Barnes, Jasper, for appellees.

COE, Chief Justice.

This case was brought up by writ of error, in a suit for workmen's compensation brought by Mollie Williams, widow of Herbert Williams, deceased, and their minor children for compensation for the death of Herbert Williams alleged to be covered under the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.St. art. 8306 et seq. On April 7, 1951 appellees took a default judgment against appellant in the amount of $6,526.71, plus interest and costs. Appellant did not participate in the trial thereof, either in person or by its attorney, and was not present when the judgment was rendered.

By appellant's first point it contends that the judgment is invalid because it was rendered in the Special Ninth District Court at a time when the cause was pending in the Regular Ninth District Court of San Jacinto County. This suit was originally filed in the Special Ninth District Court of San Jacinto County, Texas. Service of citation was had upon the appellant; however no answer was filed by the appellant. It appears from the record that numerous orders for transferring cases were made by both the Judge of the Special Ninth District Court and the Regular Ninth District Court of San Jacinto County, transferring this case from one court to the other. From these orders it appears that on the date appellees secured their judgment here appealed from that said cause was pending on the docket of the Regular Ninth District Court, having theretofore been transferred to said Court by the Judge of the Special Ninth District Court. On the date the judgment was entered, the Regular Ninth District Court was in vacation in San Jacinto County. It is contended by the appellees that the cause was tried in the Special Ninth District Court by the judge thereof and that

the trial court was authorized to try said cause under Rule 330, Texas Rules of Civil Procedure and the cases construing such rule, including Coast v. Coast, Tex.Civ. App., 135 S.W.2d 790. In their reply brief they contend that if Rule 330 does not apply to San Jacinto County, nevertheless the method of transferring and trying cases under Rule 330 should be made to apply to San Jacinto County, thereby sustaining the action of the Judge of the Special Ninth District Court in trying the case. We find ourselves unable to agree with appellees in their contentions. The only authority for transferring cases from the Special Ninth District Court to the Regular Ninth District Court of San Jacinto County, and from the Regular Ninth District Court to the Special Ninth District Court is found in Section 3 of Article 199, Vernon's Ann.Civ.St. creating the Special Ninth District Courts of Montgomery, Polk, San Jacinto and Trinity Counties. Such section reads as follows:

"Sec. 3. The Judge of the Ninth Judicial District of Texas may, in his discretion, either in termtime or in vacation, by order entered upon the minutes of the District Court of Montgomery, Polk, and San Jacinto Counties, transfer any case or cases that may at that time be pending in said District Court of that County to the Special Ninth District Court of Montgomery, Polk, and San Jacinto Counties, created by this Act, and holding session in that County, and said Special Ninth District Court shall have the same power and authority to try and finally dispose of such case or cases so transferred as the Court possessed from which the same were transferred; and the Judge of said Special Ninth District Court may, in his discretion, either in termtime or in vacation, by order or orders entered upon the minutes of his Court in any of the Counties for which the said Special Ninth District Court is created, transfer any case or cases pending upon his docket to the District Court of the Ninth Judicial District holding sessions in the County, and when said case or cases are transferred, the Court to which the transfer is made shall have the same right and authority to try and finally dispose of same as was originally had by said Special Ninth District Court."

Rule 330 has no application to the District Courts of San Jacinto County for the reason that the Regular Ninth District Court does not have what is commonly referred to as a continuous term in the County; the statute provides for two terms a year of the Regular Ninth District Court in said County to continue for a period of five weeks each. Rule 330 provides that it shall only apply to actions in district courts where the only district court of said County vested with civil jurisdiction, or all the district courts thereof having civil jurisdiction, have successive terms in said County throughout the year, without more than two days intervening between any of such terms, whether or not any one or more of such district courts include one or more other counties within its jurisdiction. Had the legislature intended for this rule to apply to the transfer and trying of cases by the Judges of the two district courts of San Jacinto County, they could have so provided. Having provided a definite method for the handling and transferring of cases of the two courts involved, we are of the opinion that such method as provided is exclusive. We know of no authority other than Rule 330 which authorizes a District Judge to try and determine causes of action pending in another District Court with concurrent jurisdiction. On the contrary we are of the opinion that the weight of authority is to the effect that the District Judge of one court in any County having concurrent jurisdiction with another District Court in the same County has no authority to try and determine a cause pending on the docket of the other court, except in counties where Rule 330 applies. See: Johnson v. Williams, Tex.Civ.App., 24 S.W.2d 79; Whitfield v. Atkinson, Tex.Civ.App., 106 S.W.2d 804; Armstrong v. Emmet, 16 Tex.Civ. App., 242, 41 S.W. 87; Harvey v. Wichita National Bank, Tex.Civ.App., 113 S.W.2d 1022; Murray v. Brisco, Tex.Civ.App., 209 S.W.2d 976.

Being of the opinion that Rule 330 cannot apply in this instance, and that

we have no authority to extend the provisions of said rule to counties not provided for in such rule, we are convinced that the Special Ninth District Court which entered the judgment here appealed from was without authority to take such action and that his action in so doing is a nullity, and for that reason we feel compelled to reverse and remand this cause. Appellant has some three other points of error, but in view of our conclusion of its Point No. 1, we feel it unnecessary to discuss the same inasmuch as there is no probability that they will arise on another trial.

Reversed and remanded.