345 P.2d 416

O. W. SELLMAN and Ralph Apodaca, Ancillary Receiver for Insurance Company of Texas, Plaintiffs-Appellees,

v.

Dewey W. HADDOCK, Defendant-Appellant.

No. 6555.

Supreme Court of New Mexico.

Oct. 19, 1959.

W. C. Whatley, E. H. Williams, Jr., Las Cruces, for appellant.

Garland & Martin, Las Cruces, for appellees.

PER CURIAM.

Upon consideration of motion for rehearing, the opinion heretofore filed is withdrawn and the following substituted therefor.

COMPTON, Justice.

This is the second time the case has been here. Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045. On the former appeal we did not consider the case on its merits. We reversed for failure of the plaintiff to join an indispensable party, the Receiver of Insurance Company of Texas. The cause was remanded "with directions to grant a new trial, permitting such amendments of the pleadings as may be necessary to make all persons claiming an interest in the alleged cause of action parties to the suit."

The action arose as a result of a collision between motor vehicles driven by Sellman and Haddock. The collision occurred at the intersection of Franklin Street and Canal Road in the Village of Hatch. Sellman was driving north on Franklin, and Haddock was traveling west on Canal Road. The point of impact was at or near the southeast corner of the intersection. Both vehicles were damaged.

Upon remand, an amended complaint was filed in which Ralph Apodaca, Ancillary Receiver of Insurance Company of Texas, joined as a party plaintiff. The complaint charged that appellant's negligence in the operation of his vehicle was the proximate cause of the collision and resulting injury. Appellant joined issue and, by counterclaim, sought damages both for injuries to his vehicle and for the loss of its use. He alleged that Sellman's negligence in failing to yield the right-of-way was the proximate cause of the collision. The cause was tried to the court; judgment was entered award-

ing damages to appellee Sellman in amount of $93.35, and to appellee Ralph Apodaca, Ancillary Receiver of Insurance Company of Texas, Sellman's insurance carrier, in amount of $436.86, and appellant appealed.

■ Appellant first complains of the action of the trial court in denying him a trial by jury upon the filing of the amended complaint. We see no error in the ruling of the court. The original complaint was filed August 8, 1955, and thereafter a jury was waived. When a plaintiff has waived a jury trial and subsequently amends his complaint, such amendment does not entitle him to a jury as a matter of right, unless the amendment changes the nature of the case or introduces new issues. American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234, certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642; Roth v. Hyer, 5 Cir., 142 F.2d 227, certiorari denied 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573; Steinhardt Novelty Co. v. Arkay Infants Wear, D.C., 10 F.R.D. 321; Reeves v. Pennsylvania R. Co., D.C., 9 F.R.D. 487; Kansas Electric Power Co. of Leavenworth Kansas v. Janis, 10 Cir., 194 F.2d 942. Comparing the complaints, we find the original and amended complaint to be substantially the same; however, the latter includes an allegation that Insurance Company of Texas was Sellman's insurance carrier and that the company had an interest in the cause of action by reason of certain payments made by it to Sellman.

At the hearing, the parties stipulated as to the authority of Apodaca to maintain the suit for Insurance Company, and further, that the testimony taken at the former hearing be admitted in evidence. It is clear that the amendment did not change the nature of the case or present new issues.

■ Appellant further complains that the court erred in striking his affidavit of disqualification. Following the filing of the amended complaint, appellant sought to disqualify Judge Walker, one of the two resident judges, the other resident judge, having tried the cause previously, recused himself on remand. The affidavit was stricken as untimely, and we think correctly so. As previously stated, the issues involved arose out of the occurrence set forth in the original complaint and the amendment related back to the time of the filing of the original pleading, August 8, 1955. Rule 15(c), our Rule of Civil Procedure. The time, therefore, for disqualifying the trial judge had expired. State v. Sanchez, 58 N.M. 77, 265 P.2d 684; Notargiacomo v. Hickman, 55 N.M. 465, 235 P.2d 531; Heron v. Gaylor, 53 N.M. 44, 201 P.2d 366.

Finally, appellant challenges the sufficiency of the evidence. The court found that Franklin Street was a through street, and that appellant's negligence in failing to stop at the intersection was the proximate cause of the collision. We think the finding is amply supported by substantial evidence. Franklin Street is paved and is one of the

extensively traveled streets of the village, while Canal Road is an unimproved dirt road. The stop sign in question, authorized by ordinance, had been in place on Canal Road for some five years prior to the accident. Appellant frankly admits he did not stop at the intersection; however, he would excuse his failure to do so on the ground the stop sign had been placed on the left-hand side of Canal Road contrary to the requirement of the Manual of Uniform Traffic Control adopted by the State Highway Commission which provides that "where only one stop sign is used, it shall be on the right-hand side of the roadway," and accordingly was wholly ineffective for any purpose and the ordinance authorizing it a nullity.

It is true the State Highway Commission adopted the manual mentioned but it does not lend support to appellant's contention. The manual was authorized by Ch. 139, L.1953, and by its own terms, § 32 of the Act, § 64–16–3, 1953 Comp., the manual as it relates to stop signs is given prospective effect only. The section, in part, reads:

"All such traffic-control devices hereafter erected shall conform to the state manual and specifications."

Even though the ordinance is impervious to attack on this ground we perceive that it might be vulnerable on other grounds. However, whether or not this is true is not important. The quotation from Comfort v. Penner, 166 Wash. 177, 6 P.2d 604, 606, set forth with approval in Mayfield v. Crowdus, 38 N.M. 471, 35 P.2d 291, is particularly pertinent here:

"We do not consider it necessary to determine whether or not section 61 of the traffic ordinance is contrary to the motor vehicle code or the constitutional inhibition above quoted. The stop sign had been maintained and renewed at that intersection since May, 1928. Presumably, it was erected and maintained by legally constituted authority; but whether so or not is of no particular moment, as it was at least a de facto warning sign. Whether it was a de jure warning sign or not is not necessary to determine. It was maintained for the safety of traffic. Travelers upon public highways are not expected to first ascertain and determine whether such signs are established in strict compliance with law before respecting them."

Similarly, here the stop sign had been erected and maintained by legally constituted authority and "was at least a de facto warning sign," and the appellant in the exercise of due care was charged with the duty to obey it, or run the risk of being found guilty of negligence. That is what occurred here, and although the trial court by his finding indicated his view that the ordinance was a valid one—as stated above, this being immaterial, we see no error in the predicating of liability upon appellant's

failure to stop. See, also, note in 164 A.L.R. 216.

The judgment is affirmed, and it is so ordered.

LUJAN, C. J., and McGHEE, CARMODY and MOISE, JJ., concur.