### J. W. CROWDUS DRUG CO. v. TURNER et al. (No. 178.)

(Court of Civil Appeals of Texas. Waco. March 12, 1925.)

**1. Dismissal and nonsuit ⬅81 (6)—Facts held to entitle plaintiff to have judgment of dismissal for want of prosecution set aside.**

Where plaintiff's counsel was diligent in preparation of case for trial, and had a meritorious cause of action, and relied on promise of defendant's counsel to notify him when cause set for trial, but without any notice to plaintiff's counsel cause was set for trial, and dismissed on court's own motion for want of prosecution, *held*, that neither plaintiff nor his counsel was negligent, and plaintiff was entitled to have judgment of dismissal set aside.

**2. New trial ⬅167(2)—Party prevented by fraud from prosecuting suit may bring equitable action to reopen case, where opportunity not afforded during term.**

Where a party has been prevented by fraud, accident, or mistake from prosecuting suit or making his defense, and an opportunity has not been afforded him for moving for new trial during term, he may bring equitable action after its close to reopen case and dispose of litigation on its merits.

Appeal from Bosque County Court; W. A. York, Judge.

Action by the J. W. Crowdus Drug Company against J. E. Turner and others, in which judgment of dismissal for want of prosecution was entered, and thereafter plaintiff brought proceeding in nature of bill in equity and review, seeking to have judgment of dismissal set aside, and cause reinstated and determined on its merits. From a judgment denying plaintiff relief, he appeals. Reversed and remanded.

Allen & Allen, of Dallas, for appellant.

BARCUS, J. Appellant filed suit against appellees on a verified account for $998.67

in the county court at law in Dallas county. On plea of privilege, the cause was transferred to Bosque county, where new parties were made, who in turn filed pleas of privilege, and the cause was appealed from the ruling of the trial court on said pleas of privilege. After the cause was disposed of on appeal on the plea of privilege, the mandate was issued on September 18, 1923, and the cause set for trial for October 21st of said year. Appellant had no information of the setting of the case, and when same was called for trial it was dismissed on the court's own motion for want of prosecution. After the adjournment of the court, appellant for the first time learned of the setting of the case and of the judgment dismissing same. This proceeding was filed on December 21, 1923, immediately after appellant ascertained the above facts, in the nature of a bill in equity and review, asking that the judgment of dismissal be set aside and the cause be reinstated and determined on its merits. Appellees resisted the motion, and on hearing the trial court, without going into the merits of appellant's cause of action, refused to grant same. It is from this judgment the appeal is perfected.

[1] The trial court did not file any findings of fact or conclusions of law. A statement of facts accompanies the record. Appellant alleged a meritorious cause of action, and the excuse for his not having been present when the cause was set for trial was that he did not know of the setting. Appellant's attorney had been diligent in the prosecution of the different phases of the litigation for several years, in the county court at Dallas, in the county court of Bosque county, and in the appellate court. Appellee had local counsel in Bosque county, but his leading counsel lived in Dallas, where appellant's counsel lived. Appellees' counsel in Dallas had an agreement with appellant's counsel that when the case was set for trial he would notify appellant's counsel of the setting. Appellant's counsel had written several letters to the county clerk of Bosque county, asking the clerk if the mandate had been returned. Appellant's counsel had been vigilant in looking after the case and preparing same for trial, and relied on the promise of appellees' counsel to have the cause set for trial and notify appellant's counsel thereof; this agreement being testified to by both appellees' and appellant's counsel. Without any notice to the leading counsel of appellees, or to appellant or its counsel, the cause was set for trial, and when called for trial was, on the court's own motion, dismissed for want of prosecution. Under the facts as shown by the testimony, we do not think appellant nor its counsel were negligent in not knowing of the setting, and

it shows by its pleadings and proof an equitable ground and reason for having the judgment of dismissal set aside.

[2] It has always been the law in Texas that, where a party has been prevented by fraud, accident, or mistake from prosecuting his suit or making his defense, and an opportunity has not been afforded him for moving for a new trial during the term, he may bring an equitable action after its close to reopen the case and dispose of the litigation upon its merits. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Harn v. Phelps, 65 Tex. 592; Johnson v. Templeman, 60 Tex. 238; Hickman v. Swain (Tex. Civ. App.) 210 S. W. 548; Osborn v. Younger (Tex. Com. App.) 235 S. W. 558. Under the allegations and proof as made by appellant, the trial court should have set its judgment of dismissal aside and disposed of the case upon its merits.

The judgment of the trial court is reversed, and the cause remanded.