## OLDHAM et al. v. HEATHERLY. (No. 631.)

Court of Civil Appeals of Texas. Waco. Feb. 2, 1928.

**1. New trial ⟨key⟩117(3)—New trial cannot be granted after adjournment of term.**

Trial court has no power to grant a new trial after adjournment of term of court at which judgment was rendered.

**2. Judgment ⟨key⟩456(1)—Trial court may by suit therefor set judgment aside after expiration of term of court.**

Trial court may set judgment aside after term of court at which it was rendered has expired, but it must be done in nature of a suit brought for such purpose.

Error from District Court, Ellis County; W. L. Harding, Judge.

Action by E. E. Heatherly against Gertrude Oldham and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Geo. Sergeant, of Dallas, for plaintiffs in error.

Tom Whipple, of Waxahachie, for defendant in error.

BARCUS, J. [1, 2] On November 19, 1926, defendant in error recovered an apparently valid judgment against plaintiffs in error for $1,377.21. The record shows that plaintiffs in error filed an answer, but were not present at the time of trial. On April 12, 1927, long after the adjournment of the term of court during which the judgment was rendered, plaintiffs in error filed their original motion for new trial, which was, on the same day, overruled by the trial court. The motion was not sworn to, and no evidence was heard in support thereof. The only proposition presented by plaintiffs in error is that the trial court erred in refusing to grant their motion for a new trial. Our courts have uniformly held that the trial court has no power to grant a new trial after the adjournment of the term of court at which the judgment was rendered. Ætna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; Rogers v. Dickson

(Tex. Civ. App.) 176 S. W. 865; Home Benefit Ass'n v. Boswell (Tex. Civ. App.) 268 S. W. 979. Our courts do hold that, after the term of court at which a judgment was rendered has expired, the trial court may set same aside on a bill of review. This, however, must be in the nature of a suit brought for said purpose. Crowdus Drug Co. v. Turner (Tex. Civ. App.) 270 S. W. 1041, and authorities there cited. The trial court, being without authority in April, 1927, to grant the motion for new trial, did not commit error in overruling said motion.

The judgment of the trial court is affirmed.