**J. A. WALSH & CO., Inc. v. R. B. BUTLER, Inc.**

**No. 3101.**

Court of Civil Appeals of Texas. Waco.

July 16, 1953.

Rehearing Denied Oct. 1, 1953.

Andrews, Kurth, Campbell & Bradley, Hall E. Timanus, Houston, for appellant.

Coulter Hoppess, Bryan, for appellee.

HALE, Justice.

This is an appeal from an order of the District Court of Brazos County overruling appellant's asserted right to be sued in Harris County. The suit out of which the venue proceeding arose was instituted by appellant in Harris County on October 31, 1951 and was transferred to Brazos County on appellee's plea of privilege to be sued in the latter county, the suit being based upon a sworn account in the sum of $851. On April 29, 1952, after the cause had been transferred to Brazos County, counsel for appellant appeared in the District Court of that county and, without notice to appellee or its counsel, announced that it would not further prosecute its suit, whereupon the court entered an order dismissing the cause without prejudice at the cost of appellant. On May 20, 1952, during the term at which the order of dismissal was entered, appellee filed an extensive motion to set aside the order of dismissal and on May 29, 1952, after notice to appellant and a hearing on the motion, the court granted the same, set the former order of dismissal aside and reinstated the cause, to all of which appellant excepted and gave notice of appeal therefrom to this court, but it did not thereafter attempt to perfect the appeal.

On June 5, 1952, appellee filed in the cause its answer and cross-action, whereby it admitted in effect that it was justly indebted to appellant for a major part of the items embraced in the sworn account upon which appellant's cause of action was based, but by way of cross-action it alleged facts showing that appellant was also liable to it for damages growing out of the same transaction in the sum of $2,014.67, and it sought recovery against appellant for the amount of its claimed damages. In response to appellee's answer and cross-action, appellant filed in the cause what is designated as its plea of privilege, asserting therein its right to be sued in Harris County, the county of its residence, on the cause of action declared upon by appellee in its cross-action. Thereafter, on January 31, 1953, after a hearing on appellant's plea

of privilege and the answer of appellee thereto, the court entered an order overruling the plea and hence this appeal.

Appellant predicates its appeal upon the following point: "The trial court erred in overruling appellant's plea of privilege for the reason that the filing by appellee of its plea for affirmative relief subsequent to the order of dismissal entered the 29th day of April 1952 constituted the filing of an original action by appellee upon which appellant is entitled to be sued in Harris County, and did not constitute the filing of a cross-action in a pending cause."

The judgment appealed from recites that the parties agreed in open court that the facts developed at the hearing on May 29, 1952 of appellee's motion to set aside the prior order of dismissal were the only facts necessary to be considered by the court on the hearing of appellant's plea of privilege and that the statement of facts in the prior hearing would be considered as a part of the record in the venue hearing. It was further agreed that the sole issue before the court on the hearing of the plea of privilege was as follows: "Did the filing of the answer and cross-petition of R. B. Butler, Inc., after an order of this court reinstating the main cause of action in which J. A. Walsh & Co., Inc., was the original plaintiff, which cause of action had been previously dismissed by the said J. A. Walsh & Co., Inc., constitute the filing of a new cause of action, or did such filing constitute the filing of an answer and counterclaim in the pending cause as reinstated by the court?"

■ Rule 164, Texas Rules of Civil Procedure, formerly embraced in Art. 2182 of Vernon's Tex.Civ.Stats., provides that the plaintiff may take a nonsuit at any time before the jury has retired in a jury trial or before the decision of the court is announced in a nonjury trial. However, as said in the case of Renfroe v. Johnson, Tex.Civ.App., 175 S.W.2d 92, Id., 142 Tex. 251, 177 S.W.2d 600, the privilege thus extended to the plaintiff to take a nonsuit is not entirely without limitation. Indeed, the rule expressly provides that the action

of a plaintiff in exercising such right shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief and we think the rule implies that a plaintiff, in the exercise of such right, must act in good faith.

■ Although no request was made for the trial court to file any findings of fact in this cause, it appears to us that the evidence was sufficient to support findings which would have authorized the court, in the exercise of its equitable powers, to set aside its prior order of dismissal and thereby afford to appellee an opportunity to file its answer and cross-action against appellant for affirmative relief. J. W. Crowdus Drug Co. v. Turner, Tex.Civ.App., 270 S.W. 1041. The evidence shows or tends to show that the reason and the only reason why appellee's counsel had not filed its answer and cross-action prior to April 29, 1952, was the fact that the parties and their attorneys were actively engaged in negotiating for a settlement of their differences at all times after the cause had been transferred from Harris County to Brazos County for a trial on its merits. From the correspondence and personal conferences between the attorneys for the parties in regard to reaching an agreed settlement of their respective claims, the attorney for appellee was justified in his belief that his adversary would take no advantage of his client's rights, without prior notice to him, by reason of the fact that he had not filed an answer and cross-action on behalf of appellee, so long as their good faith efforts to effect a compromise settlement were pending.

■ Under the record before us, we cannot say the filing of appellee's answer and cross-action on June 5, 1952, after the trial court had reinstated the case which had been previously dismissed, constituted the filing of a new or independent cause of action against appellant within the meaning of Art. 1995 of Vernon's Tex.Civ.Stats. or that the court below erred in overruling appellant's so-called plea of privilege. Therefore, the order appealed from is affirmed.