448 P.2d 183

**H. E. ASKEW, Plaintiff-Appellant,**

v.

**FORT SUMNER IRRIGATION DISTRICT, Defendant-Appellee.**

**No. 200.**

Court of Appeals of New Mexico.

Nov. 22, 1968.

Harry L. Patton, Calvin R. Neumann, Clovis, for plaintiff-appellant.

Robert F. Turner, R. D. Mann and John W. Basset, Jr., Atwood & Malone, Roswell, John Humphrey, Jr., Fort Sumner, for defendant-appellee.

## OPINION

ARMIJO, Judge.

The issue presented for review is appellant's contention that error was com-

mitted by the trial court in denying his motion for change of venue.

Appellant contends that filing of his motion before the jury was impaneled was timely because the facts upon which he relied in support of his motion came to his knowledge immediately prior to trial. Also, that since he asked for change of venue to a county within the Tenth Judicial District, he was not required to file his motion on or before the first day of the next succeeding term of court as prescribed by § 21–5–3(B), N.M.S.A.1953, (Supp.1967).

By affidavit filed in support of his motion, appellant asserts he could not receive a fair trial in DeBaca County because a large number of the inhabitants of the county are members of appellee irrigation district and these members exert undue influence over the minds of the inhabitants of the county with resulting prejudice to him due to the nature of the case.

Appellee resisted the motion on the grounds it was not timely filed.

We conclude the trial court ruled correctly in denying change of venue.

On April 6, 1967, appellant, a resident of DeBaca County and member of appellee's irrigation district, filed his complaint for damages to his property allegedly sustained in August 1966, as a result of appellee's negligence. The case was at issue May 8th. In June appellant moved to Oklahoma. He was in DeBaca County one day in October when his deposition was taken and did not return until December 10th, the day before trial was to begin following two weeks notice of trial. A jury was impaneled in DeBaca County in September.

On the issue of timeliness of filing of the motion, appellant contends that he gained knowledge of the prejudice shortly before the time the motion was filed.

The record is silent on what efforts, if any, appellant made to ascertain the community sentiment prior to the eve of trial. Likewise it fails to reveal any circumstances which might have had the effect of creating or giving rise to the claimed prejudice shortly before trial as was the situation in State v. Shawan, 77 N.M. 354, 423 P.2d 39 (1967). There our Supreme Court considered the issue presented by a motion for change of venue filed on the morning of the day of trial based on facts which arose from adverse publicity published the day before and concerning the trial..

■ In his affidavit appellant states that the members of the Fort Sumner Irrigation District feel that if he prevailed, the judgment would be against themselves. By this allegation it is noted that the fact which is the basis of the claim of prejudice came into being when he filed his complaint and his assertion of not having learned of its prejudicial effect until just before trial was to begin, does not excuse the need for filing of the motion earlier. Appellant's application came too late. In order to be timely, a motion for change of venue must be offered at the earliest practical time. Johnson v. United Motor Coach Co., 66 Ill.App.2d 295, 214 N.E.2d 326 (1966); Stickler v. McCarthy, 64 Ill.App. 2d 1, 212 N.E.2d 723 (1965). See also Newman v. County of Sonoma, 56 Cal.2d 625, 15 Cal.Rptr. 914, 364 P.2d 850 (1961).

The record amply supports the conclusion the motion was not timely filed. The jury was present, as were appellant's ten or eleven witnesses, two of whom were from out of state. Compare Fuller v. Edwards, 180 Va. 191, 22 S.E.2d 26 (1942).

■ Having concluded that the motion was not timely filed, a hearing thereon was not required. State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967), and discussion on the applicability of § 21–5–3, supra, where change of venue is sought from one county to another within the judicial district becomes unnecessary.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.