505 P.2d 859

Ruby Mae HUGHES, Individually, and Allen Hughes, Individually and d/b/a Hughes Butcher Shop, Plaintiffs-Appellants,

v.

JOE G. MALOOF AND COMPANY, a corporation, and Louis M. Montoya, Defendants-Appellees.

No. 965.

Court of Appeals of New Mexico.

Jan. 5, 1973.

John V. Coan, George A. Morrison, Thompson & Morrison, Albuquerque, for plaintiffs-appellants.

Kenneth L. Harrigan, Charles J. Noya, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

The appeal raises a question of venue.

An automobile accident, involving three vehicles, occurred in Bernalillo County. The Montanos, the original plaintiffs, named all the parties to this appeal as defendants. The Hughes then cross-claimed against Maloof (Montoya and Joe G. Maloof and Company). The Montanos resided in Sandoval County and filed their suit in Sandoval County District Court. It is conceded that venue in Sandoval County was proper when the suit was commenced. Section 21–5–1, N.M.S.A.1953 (Repl.Vol. 4); see Torres v. Gamble, 75 N.M. 741, 410 P.2d 959 (1966).

The suit came on for trial on December 9, 1971. Before the jury was empanelled the attorney for Maloof informed the trial court that a settlement had been reached with the Montanos. Thereupon, the attorney for the Hughes moved that the Montanos' suit against the Hughes be dismissed. This was done. On December 13, 1971, on motion of the Montanos, an order was entered dismissing their claims against all parties in this appeal. For the purposes of this appeal, we will assume Montanos' claims against all defendants were dismissed prior to beginning of trial on December 9th.

Once the trial court ordered the Montanos' suit against the Hughes dismissed, the Hughes moved "* * * for a change of venue to Bernalillo County * * *." This motion came at a time when the parties to the cross-claim were present and ready for trial. The trial court denied the venue motion. The case was tried; the jury verdict was for Maloof. The Hughes appeal, contending venue should have been changed to Bernalillo County where the accident occurred and where, allegedly, all parties to the cross-claim reside.

The Hughes assert there was no basis for a change of venue prior to dismissal of the Montanos' suit; that the venue motion was made immediately after this dismissal. Thus, they contend the motion was made at the earliest possible time and the question of venue was not waived. See Heron v. Gaylor, 53 N.M. 44, 201 P.2d 366 (1948); Askew v. Fort Sumner Irrigation District, 79 N.M. 671, 448 P.2d 183 (Ct. App.1968). For the purposes of this appeal, we assume the motion was timely and there had been no waiver.

**518**

The venue claim is based on the wording of § 21–5–1(A), supra, which deals with where transitory actions "shall be brought."

This language refers to the counties in which civil actions "shall be commenced." See the opening paragraph of § 21–5–1, supra. A civil action is commenced by filing a complaint. Section 21–1–1(3), N.M.S.A. 1953 (Repl.Vol. 4). The lawsuit involved in this case was commenced when the Montanos filed their complaint and not when the Hughes filed their cross-claim. Section 21–5–1, supra, does not expressly apply to cross-claims.

■ The Hughes contend that § 21–5–1, supra, became applicable because upon the dismissal of the Montanos' claim "a new lawsuit was fashioned." We disagree. Section 21–1–1(13)(g), N.M.S.A.1953 (Repl.Vol. 4) states: "A pleading may state as a cross-claim any claim by one [1] party against a coparty arising out of the transaction or occurrence that is the subject matter * * * of the original action * * *." The rule contemplates an original action. Since the cross-claim must arise out of the transaction or occurrence that is the subject matter of the original action, the original complaint and the cross-claim constitute but one suit. Young et al. v. Vail et al., 29 N.M. 324, 222 P. 912, 34 A.L.R. 980 (1924). Cross-claims involve coparties. Even though the original claim of the Montanos had been dismissed, neither the pleadings nor parties had changed in connection with the cross-claim. The cross-claim that remained was part of the original suit; it was not a new lawsuit. See Ryan v. Amodeo, 216 Iowa 752, 249 N.W. 656 (1933); J. A. Walsh & Co. v. R. B. Butler, Inc., 260 S.W.2d 889 (Tex.Civ.App.1953).

Since the cross-claim did not become a new lawsuit upon the dismissal of the Montanos' claim, the provisions of § 21–5–1, supra, did not become applicable, and that statute did not authorize a change of venue at that stage in the proceedings.

■ Further, there was no right to a change of venue upon dismissal of the Montanos' claim under the concept of continuing jurisdiction. The cross-claim is ancillary to the original claim, to which it is related. When the original claim is dismissed, a federal court does not lose jurisdiction over a cross-claim even though there is no independent jurisdictional basis for the cross-claim. R. M. Smythe & Co. v. Chase National Bank of City of N. Y., 291 F.2d 721 (2nd Cir. 1961); Coastal Air Lines v. Dockery, 180 F.2d 874 (8th Cir. 1950); Mayer v. Chase National Bank of City of New York, 165 F.Supp. 287 (S.D. N.Y.1958); compare Young et al. v. Vail et al., supra. The reason is that the cross-claim rule "* * * should be given a liberal construction to vest full and complete jurisdiction in the Court to determine the entire controversy and not merely a part of it * * *." United States v. Thomas Steel Corporation, 161 F.Supp. 248 (N.D. Ohio 1958); see 3 Moore's Federal Practice ¶ 13.36 (1968).

■ We are aware that the above cases deal with jurisdiction and that venue is a question separate from jurisdiction. Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726 (1942). However, the rationale of the above cases is that a court, having a case properly before it, should determine the entire controversy and not just a part of it. Compare Young et al. v. Vail et al., supra. That rationale is applicable to the venue question. We hold that if venue is proper in the original action, it continues to be proper for valid cross-claims filed in connection with the original action even though the original claim has been dismissed.

Our decision is this: (a) § 21–5–1, supra, does not provide for the venue of cross-claims and (b) if venue is proper in the original suit, it continues to be proper for cross-claims which are a part of the

original suit even though the original claim is dismissed.

The judgment on the verdict is affirmed. It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, Judge (specially concurring).

The record shows that this case came on for trial the morning of December 9, 1971, in Sandoval County, between Hughes and Maloof. While motions were being discussed, Hughes stated:

> * * * I do believe Your Honor though that the cause of action of the Montano's against the Hughes' should be dismissed with prejudice at this time *in view of the fact that we are here before the Court ready to go to trial,* all counsel has been alerted to the trial and formal notice given and neither the Montano's or their attorney are present in the Courtroom and *we are here ready for trial on their case* and we would move that that action be dismissed, Montano v. Hughes. [Emphasis added]
>
> * * * * * *
>
> THE COURT: It is so ordered then * * *.

The Montano's and their attorney were not present. Thereupon, Hughes orally moved the court for a change of venue to Bernalillo County.

> THE COURT: I think this Court already has jurisdiction of the matter and I'm going to deny your motion.

The case proceeded to jury trial without objection.

By proceeding to trial without objection, Hughes waived any claimed error on the issue of venue. Peisker v. Chavez, 46 N. M. 159, 123 P.2d 726 (1942); Davey v. Davey, 77 N.M. 303, 422 P.2d 38 (1967); Bernstein v. Bernstein, 73 N.M. 365, 388 P.2d 187 (1964).

Where the venue statute is jurisdictional on its face, § 21–5–1(G), N.M.S.A.1953 (Repl.Vol. 4), venue cannot be waived. Allen v. McClellan, 77 N.M. 801, 427 P.2d 677 (1967). Otherwise, it can.