738 P.2d 1331

**Angela TRUJILLO, Plaintiff,**

**v.**

**Bob BERRY and Virginia Berry, d/b/a B & B Ltd., and Suds-Z Car Wash: Suds-Z Car Wash: H & P Equipment Company and Gayle Price, Defendants,**

**and**

**Bob BERRY and Virginia Berry, d/b/a B & B Ltd., and Suds-Z Car Wash, Cross-Claimants/Appellants,**

**v.**

**H & P EQUIPMENT COMPANY and Gayle Price, Cross-Defendants/Appellees.**

**No. 8712.**

Court of Appeals of New Mexico.

May 21, 1987.

Certiorari Denied June 27, 1987.

Katherine E. Tourek, Gordon J. McCulloch, Bradley & McCulloch, P.A., Albuquerque, for cross-claimants/appellants.

Mark C. Dow, Mark C. Dow, P.A., Albuquerque, for cross-defendants/appellees.

Paul Livingston, Albuquerque, for plaintiff.

## OPINION

FRUMAN, Judge.

Defendant Suds-Z Car Wash (Suds-Z) appeals the trial court's amended order dismissing its cross-claim for failure to state a claim for relief. *See* SCRA 1986, 1-012(B)(6). The cross-claim for indemnification arose from an action brought by plaintiff, Angela Trujillo, against defendants Suds-Z, H & P Equipment Company (H & P), and Gayle Price, H & P's employee, to recover damages for personal injuries suffered at a commercial car wash. Plaintiff claims that car wash equipment sold by H & P and installed by Price fell from the ceiling at the car wash and struck her head. Plaintiff sought recovery based on claims of negligence, strict products liability, breach of warranty, and outrageous and reckless conduct. Defendant Suds-Z cross-claimed against defendant H & P, request-ing indemnification if plaintiff recovered against Suds-Z under the strict products liability theory or the breach of warranty theory. Defendants H & P and Price filed a motion to dismiss the cross-claim on the ground that it failed to state a claim for relief because indemnity is not a remedy in a pure comparative negligence jurisdiction. The trial court dismissed the cross-claim, ruling that under a pure comparative negligence system, traditional indemnity principles have been superseded. Suds-Z has not briefed its claim for indemnity in the event plaintiff prevails on the breach of warranty theory, and thus this issue is deemed abandoned. *See State v. Gammill,* 102 N.M. 652, 699 P.2d 125 (Ct.App.1985). Although Price joined in the motion to dismiss, we do not consider Price a party to this appeal since the cross-claim sought relief only against H & P.

The sole issue on appeal is whether a cause of action for indemnity exists in a strict products liability case now that comparative negligence has been adopted in New Mexico. We hold it may under the pleadings before us and, accordingly, we reverse and remand.

### Motion to Dismiss

The purpose of a motion to dismiss for failure to state a claim for relief is to test the legal sufficiency of the claim, not the facts that support it. *Gonzales v. United States Fidelity & Guar. Co.,* 99 N.M. 432, 659 P.2d 318 (Ct.App.1983). *See Three Rivers Land Co. v. Maddoux,* 98 N.M. 690, 652 P.2d 240 (1982), *overruled on other grounds, Universal Life Church v. Coxon,* 105 N.M. 57, 728 P.2d 467 (1986). In considering a motion to dismiss under Rule 1–012(B)(6), the well-pleaded facts alleged in the complaint are taken as true. *State ex rel. Risk Management Div. of Dep't of Fin. & Admin. v. Gathman-Matotan Architects & Planners, Inc.,* 98 N.M. 790, 653 P.2d 166 (Ct.App.1982). The motion is properly granted only if the claimant cannot recover under any provable state of facts. *Transamerica Ins. Co. v. Sydow,* 97 N.M. 51, 636 P.2d 322 (Ct.App.1981).

The possibility of recovery based on a state of facts provable under the claim bars dismissal. *See Pattison v. Ford*, 82 N.M. 605, 485 P.2d 361 (Ct.App.1971).

### Cross-Claim for Indemnification

Where separate causes of action are pled, each with distinct theories of liability, each cause must be separately assessed. *See Aalco Mfg. Co. v. City of Espanola*, 95 N.M. 66, 618 P.2d 1230 (1980) (holding that where there were two different bases for liability, i.e., negligence and strict products liability, each of two tortfeasors could be found separately liable under one theory and not the other, and they need not be held jointly liable for injury to plaintiff under one theory). For this reason, we now examine the indemnification claim in the light of the separate claim of strict products liability, since its theory of liability is distinct from that in an action for negligence.

■ New Mexico recognizes the doctrine of strict products liability. *Stang v. Hertz Corp.*, 83 N.M. 730, 497 P.2d 732 (1972). The purpose behind the strict products liability doctrine is to allow an injured user or consumer to recover against a supplier or manufacturer without the requirement of proving negligence. *Aalco Mfg. Co. v. City of Espanola.* This purpose is accomplished by imputing liability for an injury caused by a product to the seller of the product, with or without the presence of negligence on his part. *Id. See Restatement (Second) of Torts* § 402A (1965). "This is because '[i]n some cases the retailer may be the only member of that enterprise reasonably available to the injured plaintiff.' *Vandermark v. Ford Motor Company*, 61 Cal.2d 256, 37 Cal.Rptr. 896, 899, 391 P.2d 168, 171 (1964)." 95 N.M. at 67, 618 P.2d at 1231. Extending strict liability to non-negligent retailers provides two sources from which the injured con-

sumer can obtain relief: the retailer and the manufacturer, and the former may seek indemnification from the latter for any loss he may suffer.[1] *Aalco Mfg. Co. v. City of Espanola.* Strict products liability does not, however, preclude liability against a retailer based upon the alternative ground of negligence of the seller where such negligence can be proved. *Restatement (Second) of Torts* § 402A, comment a (1965).

In contrast to the doctrine of strict products liability, the doctrine of comparative negligence seeks to accomplish: "(1) apportionment of fault * * * among *negligent* parties whose *negligence* proximately causes any part of a loss or injury, and (2) apportionment of the total damages resulting from such loss or injury in proportion to the fault of each party." *Scott v. Rizzo*, 96 N.M. 682, 688, 634 P.2d 1234, 1240 (1981) (emphasis supplied). *See Bartlett v. N.M. Welding Supply, Inc.*, 98 N.M. 152, 646 P.2d 579 (Ct.App.1982).

■ Notwithstanding the adoption of the comparative negligence doctrine, we believe New Mexico still adheres to traditional indemnity principles in some circumstances. *See Herndon v. Seven Bar Flying Serv., Inc.*, 716 F.2d 1322 (10th Cir. 1983). The two examples cited in *Herndon* are *Stock v. ADCO General Corporation*, 96 N.M. 544, 632 P.2d 1182 (Ct.App.1981), and *Dessauer v. Memorial General Hospital*, 96 N.M. 92, 628 P.2d 337 (Ct.App.1981), where this court held that indemnity is permitted to one tortfeasor against another tortfeasor who is the primary wrongdoer, but it is not permitted where the tortfeasors are *in pari delicto* or "negligent in an equal degree." *Stock v. ADCO Gen. Corp.*, 96 N.M. at 548, 632 P.2d at 1186. Indemnity is also permitted in favor of one whose liability is imputed by law because of his relation to the actual wrongdoer, such as an employer who, in the absence of

---

1. For all civil actions initially filed on or after July 1, 1987, the recent enactment of 1987 N.M. Laws, ch. 141, § 1, applies joint and several liability "(3) to any persons strictly liable for the manufacture and sale of a defective product, but only to that portion of the total liability attributed to those persons."

negligence on his part, is held vicariously liable under the doctrine of respondeat superior for the tort of his employee. *See Dessauer v. Memorial Gen. Hosp.; see generally* W. Prosser, *The Law of Torts* § 51 at 311–312 (4th ed. 1971).

■ The imposition of vicarious liability under the respondeat superior doctrine has nothing to do with fault. *Dessauer v. Memorial Gen. Hosp.* Similarly, under the strict products liability doctrine, liability may be imputed to the supplier of the product without the presence of negligence, or fault, on his part. *See Aalco Mfg. Co. v. City of Espanola.* Under the comparative negligence doctrine, however, liability for damages is apportioned among negligent parties according to the fault of each party. *See Scott v. Rizzo; Bartlett v. N.M. Welding Supply, Inc.* If negligence is the basis for liability, the comparative negligence doctrine applies. *Id.,* 98 N.M. at 158–59, 646 P.2d at 585–86.

In the present case, negligence is not a prerequisite for liability in either plaintiff's strict products liability claim against Suds-Z or in Suds-Z's cross-claim against H & P for indemnity. Thus, concepts such as active-passive negligence are the antithesis of strict liability. *Suvada v. White Motor Co.,* 32 Ill.2d 612, 210 N.E.2d 182 (1965). Suds-Z seeks indemnity from H & P only if plaintiff prevails on her strict products liability claim against Suds-Z.

SCRA 1986, 1–013(G) provides that:

A pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter * * * of the original action * * *. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Here, Suds-Z's cross-claim sets forth a claim that arises out of the occurrence that is the subject matter stated in plaintiff's strict products liability claim.

There is no indication in the record that plaintiff's strict products liability claim has been dismissed. The cross-claim rule should be given a liberal construction in order to vest complete jurisdiction in the court to determine the entire controversy, and not merely a part of it. *Hughes v. Joe G. Maloof & Co.,* 84 N.M. 516, 505 P.2d 859 (Ct.App.1973).

Whether plaintiff succeeds in the proof of her strict products liability claim is a matter for the trial court to determine. *See Vigil v. Arzola,* 102 N.M. 682, 699 P.2d 613 (Ct.App.1983), *modified on other grounds,* 101 N.M. 687, 687 P.2d 1038 (1984). While leaving a decision on the merits of plaintiff's claim for trial court determination, we note that a distinction has been made between a product and a service in products liability cases. *See Ruiz v. Southern Pac. Transp. Co.,* 97 N.M. 194, 638 P.2d 406 (Ct.App.1981). In *Ruiz,* this court held that providing negligent services may trigger ordinary negligence, malpractice or breach of contract actions, but it does not form the basis for actions in strict liability. *Cf. Hector v. Cedars-Sinai Medical Center,* 180 Cal. App.3d 493, 225 Cal.Rptr. 595 (1986) (holding that a hospital could not be held strictly liable for furnishing an allegedly defective pacemaker, since the hospital was not a seller of pacemakers [product], but a provider of services); *Murphy v. E.R. Squibb & Sons, Inc.,* 40 Cal.3d 672, 221 Cal.Rptr. 447, 710 P.2d 247 (1985) (determining that a pharmacist's conduct in filling a prescription is a service, and thus a pharmacy is immune from strict liability). The existence of a defective product is an element of proof in plaintiff's strict products liability claim, *see Tenney v. Seven-Up Co.,* 92 N.M. 158, 584 P.2d 205 (Ct.App.1978), and, as such, it is a matter for the trial court's determination. *See Vigil v. Arzola.*

■ If defendant Suds-Z is found to be the supplier of a defective product that caused injury to plaintiff, Suds-Z could be held strictly liable for the product manufactured and installed at the car wash by H &

P.  *See* SCRA 1986, UJI 13–1406.  Under these circumstances, we determine that Suds-Z's cross-claim for indemnity does state a claim for relief and that a possibility of plaintiff's recovery against Suds-Z under the strict products liability theory precludes dismissal of the indemnity claim.  *See Pattison v. Ford.*  In reaching this result, we recognize there may be instances where a retailer may not recover indemnity against the manufacturer of a defective product in an unreasonably dangerous condition.  We hold only that where the manufacturer and retailer are held strictly liable in tort and the latter's liability resulted solely from its passive role as the retailer of the product furnished it by the manufacturer, indemnity may lie in favor of the retailer against the manufacturer.  *See Farr v. Armstrong Rubber Co.*, 288 Minn. 83, 179 N.W.2d 64 (1970); *see generally,* H. Woods, *Comparative Fault* §§ 13:11 and 13:12 (1978).

The trial court's dismissal of the cross-claim for indemnity is reversed, and the case is remanded to the trial court for reinstatement of that claim.  The request of H & P for oral argument is unnecessary and is, therefore, denied.  *See Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).  Costs on appeal are awarded to Suds-Z.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.