845 P.2d 855

**AAA AUTO SALES & RENTAL, INC., Ross A. McCallister, Nancy A. McCallister and Daniel P. McCallister, Plaintiffs–Appellees,**

v.

**SECURITY FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant–Appellant.**

**No. 12695.**

Court of Appeals of New Mexico.

Dec. 9, 1992.

Martin E. Threet, Threet & King, Albuquerque, for plaintiffs-appellees.

Alan R. Wilson, Lawrence M. Glenn, Dines, McCary & Wilson, P.C., Albuquerque, for defendant-appellant.

OPINION

APODACA, Judge.

Security Federal Savings & Loan Association (Defendant) appeals the trial court's dismissal of its counterclaim for failure to state a claim pursuant to SCRA 1986, 1–012(B)(6) (Repl.1992). The trial court certified its order as final, with appropriate language under SCRA 1986, 1–054(C)(1) (Repl.1992). The basic question underlying the issues raised on appeal is whether Defendant pled sufficient facts to allege the claim of conversion. We answer this ques-

tion affirmatively, reverse the trial court's decision, and remand with instructions to reinstate Defendant's counterclaim.

When this Court assigned this case to the general calendar, we requested the parties to brief the issue of who bore the burden of pleading facts concerning Plaintiff Ross A. McCallister's (McCallister) status as a buyer in the ordinary course of business. However, in light of our disposition, we find it unnecessary to address this issue at this time.

FACTS

Defendant held a security agreement (Agreement) executed in September 1985 by D & D Motor Company, Inc., and securing a promissory note for $300,000 dated May 13, 1985, and due in May 1986. The Agreement granted Defendant a security interest in, among other things, all motor vehicles acquired by D & D Motor Company as inventory and all accounts and proceeds of sale arising from the sale of the motor vehicles. McCallister began working for D & D Motor Company in 1984, and between February 1, 1985, and October 15, 1985, was a 50% shareholder and the sales manager of that company. On October 15, 1985, McCallister terminated his relationship with D & D Motor Company and exchanged his stock for various properties, including some motor vehicles subject to the Agreement.

D & D Motor Company defaulted on the loans advanced by Defendant and filed a Chapter 7 bankruptcy proceeding. Defendant received and sold all the vehicles covered by the Agreement that remained in D & D Motor Company's possession. After the sales, a deficiency of $280,000 remained on the indebtedness.

AAA Auto Sales & Rentals, Inc., McCallister, Nancy A. McCallister, and Daniel P. McCallister (collectively referred to as Plaintiffs) sued Defendant, alleging wrongful interference with contractual relations because Defendant did not deliver the certificates of title to the vehicles covered under the Agreement. Defendant answered the complaint and counterclaimed against Plaintiffs for conversion of the vehicles.

Plaintiffs moved to dismiss Defendant's counterclaim under Rule 1–012(B)(6), alleging that Defendant had failed to state a claim upon which relief could be granted. The trial court granted the motion and dismissed Defendant's counterclaim for conversion. Defendant appealed.

DISCUSSION

Initially, we address Plaintiffs' contention that the appeal from the trial court's dismissal for failure to state a claim was transmuted into an appeal from summary judgment by Defendant's inclusion of a statement of facts in its brief-in-chief. As a result, Plaintiffs claim, the appropriate standard of review is that applied to summary judgment proceedings. However, Plaintiffs cite no authority for this argument. *See In re Adoption of Doe,* 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Additionally, there is no showing that matters outside the pleadings were considered by the trial court in the form of affidavits, depositions, admissions, or interrogatories indicating that the Rule 1–012(B)(6) motion was treated as a motion for summary judgment under SCRA 1986, 1–056 (Repl.1992). *See* R. 1–012(B). Consequently, we will consider this appeal under the appropriate standards for a Rule 1–012(B)(6) motion.

In reviewing the dismissal of a claim under Rule 1–012(B)(6) for failure to state a claim, the appellate court will " 'accept as true all facts well pleaded and question only whether the [party] might prevail under any state of facts provable under the claim.' " *California First Bank v. State,* 111 N.M. 64, 66, 801 P.2d 646, 648 (1990) (quoting *Gomez v. Board of Educ.,* 85 N.M. 708, 710, 516 P.2d 679, 681 (1973)). A motion to dismiss for failure to state a claim is intended to test the legal sufficiency of the claim, not the facts that support it. *Trujillo v. Berry,* 106 N.M. 86, 87, 738 P.2d 1331, 1332 (Ct.App.), *cert. denied sub nom. H & P Equip. Co. v. Berry,* 106 N.M. 24, 738 P.2d 518 (1987). "The possibility of recovery based on a state of facts provable under the claim bars dismissal." *Id.* 106 N.M. at 88, 738 P.2d at 1333. New Mexico construes the Rules of Civil Procedure liberally, particularly as they apply to plead-

ings. *Las Luminarias of N.M. Council of the Blind v. Isengard,* 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App.1978).

Defendant alleged in its counterclaim that McCallister converted motor vehicles covered by the Agreement. "Conversion is defined as the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Nosker v. Trinity Land Co.,* 107 N.M. 333, 337–38, 757 P.2d 803, 807–08 (Ct.App.), *cert. denied,* 107 N.M. 267, 755 P.2d 605 (1988). The trial court granted the motion to dismiss on the bases that the common law of conversion did not apply and that the Agreement did not exclude the transfer to McCallister.

■ A secured creditor may bring an action for conversion. *State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.,* 792 S.W.2d 626, 628 (Ky.Ct.App.1990); *see also Ranier v. Gilford,* 688 S.W.2d 753 (Ky.Ct. App.1985). NMSA 1978, Section 55–9–306(2) (Repl.Pamp.1987) states that, "[e]xcept where this article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds, including collections, received by the debtor." The Official Comment to Section 55–9–306 states:

> In most cases when a debtor makes an unauthorized disposition of collateral, the security interest * * * continues in the original collateral in the hands of the purchaser or other transferee. That is to say, since the transferee takes subject to the security interest, the secured party may repossess the collateral from [the transferee] or in an appropriate case maintain an action for conversion.

§ 55–9–306, cmt. 3. As noted in *Harley–Davidson Motor Co. v. Bank of New England—Old Colony, N.A.,* 897 F.2d 611, 617 (1st Cir.1990), case law from other jurisdictions amply "supports the proposition that,

when a debtor makes an unauthorized transfer of collateral, and when that transfer constitutes a default under the terms of a security agreement, the secured party obtains an immediate right to the collateral, permitting him to maintain an action for conversion."

■ We believe that Defendant alleged sufficient facts stating a claim for conversion. These alleged facts were that: (1) it held a security agreement that covered the motor vehicles as collateral; (2) the security interest was properly perfected; (3) the debtor, D & D Motor Company, defaulted under the Agreement; (4) D & D Motor Company transferred to McCallister vehicles subject to the security interest; (5) McCallister had actual knowledge that the vehicles and the transfer of the vehicles were subject to Defendant's security interest; (6) McCallister sold some or all of the vehicles and refused to pay Defendant in satisfaction of its security interest in the vehicles and the sale of the vehicles; and (7) McCallister's actions constituted conversion. Thus, the counterclaim pled facts that if proven, established the tort of conversion: that Defendant had an ownership or possessory right in the vehicles because of the security agreement and D & D Motor Company's default under the Agreement, that McCallister knew of Defendant's security interest, that McCallister exercised dominion or control over the vehicles, and that McCallister refused to pay Defendant in defiance of Defendant's rights to the vehicles or to the proceeds of their sale. *See Nosker,* 107 N.M. at 337–38, 757 P.2d at 807–08; *see also State Auto. Mut. Ins. Co.,* 792 S.W.2d at 628.

Although the trial court correctly concluded that, if the Agreement authorized the transfer, there was no conversion, *see* § 55–9–306, cmt. 2, we believe the Agreement was sufficiently unclear and ambiguous on the issue of authorization under the circumstances that the issue was one of fact. *Levenson v. Mobley,* 106 N.M. 399, 401, 744 P.2d 174, 176 (1987) (the question of whether an ambiguity exists in a contract is a question of law); *cf. Peck v. Title USA Ins. Corp.,* 108 N.M. 30, 33, 766 P.2d

290, 293 (1988) (absent ambiguity, construction of a contract is a matter of law). For example, the Agreement granted the secured party a security interest in any "substitutions * * * including proceeds of sale." It also provided that the motor vehicles should be used as inventory and not for any other purpose. The agreement also contained language that could be construed as providing that a default included the debtor's failure to use the motor vehicles as inventory.

Defendant contends that the requirement of inventory means that the vehicles must be sold only in the course of business and not transferred to people, such as McCallister, for stock. On the other hand, Plaintiffs argue that the requirement indicated simply that the vehicles were authorized to be transferred. When the terms of a contract are susceptible to differing constructions, it is for the fact finder to determine the meaning. *See Segura v. Molycorp, Inc.*, 97 N.M. 13, 18, 636 P.2d 284, 289 (1981). In this connection, we note that Plaintiffs admitted "that the security agreement * * * is not the usual * * * arrangement that those of us who have represented financial institutions are used to reviewing." Additionally, Plaintiffs admitted that some vehicles were covered by the Agreement while others were not. This also raised a factual issue that cannot be determined under Plaintiffs' Rule 1–012(B)(6) motion. *See Trujillo*, 106 N.M. at 87, 738 P.2d at 1332.

CONCLUSION

For these reasons, we conclude that the trial court erred in granting Plaintiffs' Rule 1–012(B)(6) motion. We thus reverse and remand for reinstatement of Defendant's counterclaim for conversion and for further proceedings consistent with this opinion. Defendant is awarded costs on appeal.

IT IS SO ORDERED.

DONNELLY and PICKARD, JJ., concur.