This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**EDITH ELLESS, Individually and as PERSONAL REPRESENTATIVE of the Estate of HAROLD ELLESS, JR., and JIMMY ELLESS and MICHAEL ELLESS, Individually,**

Plaintiffs,

v.

No. 31,537

**ARTESIA GENERAL HOSPITAL,**

Defendant/Third-Party Plaintiff-Appellant,

v.

**JOCELYN RAMOSO, M.D.,**

Third-Party Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Sandenaw Law Firm, P.C.
CaraLyn Banks
Thomas A. Sandenaw
Las Cruces, NM

for Appellant

Butt, Thorton & Baehr, P.C.
Emily A. Franke
W. Ann Maggiore

Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Plaintiff Artesia General Hospital (AGH) appeals the district court's order granting Defendant Dr. Jocelyn Ramoso's motion to dismiss AGH's third-party complaint for indemnification.  AGH argues that the district court erred in concluding that:  (1) its third-party complaint failed to state a claim for indemnification against Dr. Ramoso; (2) AGH's amended third-party complaint was barred under the Medical Malpractice Act's (MMA) statute of repose, NMSA 1978, Section 41-5-13 (1976); (3) the contractual indemnification provision between AGH and Dr. Ramoso prevented AGH from seeking equitable indemnification; and (4) equitable estoppel barred AGH from pursuing indemnification against Dr. Ramoso because of its previous denials of her negligence.  We agree with AGH that it sufficiently stated a claim for equitable indemnification and that the amended third-party complaint related back to the original third-party complaint.  We further agree that the issue regarding the contractual indemnification provision is not properly before us and that the record reveals no basis for the district court's application of equitable estoppel. We therefore reverse.

## BACKGROUND

{2}     On August 28, 2006, the family of Harold Elless, Jr. (the decedent) filed a complaint for medical malpractice and wrongful death against Dr. Ramoso and her employer, AGH. The decedent died on January 7, 2006, while allegedly under the care of Dr. Ramoso after being admitted to the emergency department at AGH. The complaint alleged nine distinct acts of negligence committed by Dr. Ramoso and sought to hold AGH vicariously liable for Dr. Ramoso's acts and omissions as well as for the acts or omissions of other AGH employees allegedly involved in the negligent treatment of Elless. In its answer to the Ellesses' complaint, AGH denied that Dr. Ramoso or any of its employees were negligent in their treatment of the decedent.

{3}     The Ellesses subsequently filed their first amended complaint against AGH, which dismissed Dr. Ramoso as a defendant but continued to allege her nine separate acts of negligence and AGH's vicarious liability for those acts. AGH, in answer to the Ellesses' first amended complaint, continued to deny that Dr. Ramoso or any of its employees were negligent.

{4}     The Ellesses later sought and were granted leave to file a second amended complaint. The second amended complaint added a claim against AGH for its alleged negligent hiring and retention of Dr. Ramoso but continued to allege specific

negligent acts and omissions by Dr. Ramoso. Consistent with its previous answers, AGH denied that Dr. Ramoso was negligent in her treatment of the decedent.

{5} On July 31, 2008, AGH filed a third-party complaint for indemnification against Dr. Ramoso (original complaint). AGH's original complaint incorporated the Ellesses' allegations that Dr. Ramoso established a physician-patient relationship with the decedent and that she "departed from the standard of care and failed to possess and apply the knowledge and skill and care ordinarily used by a reasonably qualified physician." AGH also referenced the Ellesses' specific allegations of Dr. Ramoso's negligent acts or omissions and their allegations that AGH was vicariously liable for those acts or omissions. Finally, AGH alleged that if it were "found liable for any portion of an award that [the Ellesses] might receive as a result of the separate acts or omissions of . . . Dr. Ramoso, AGH is entitled to indemnification from Dr. Ramoso for those proportions of such an award that may be attributed to Dr. Ramoso's negligence."

{6} Meanwhile, AGH also began attempting to settle the underlying lawsuit with the Ellesses. The parties reached a confidential settlement on the Ellesses' claims, and the underlying lawsuit was dismissed on December 16, 2008. AGH had notified Dr. Ramoso of the "tentatively" scheduled date for the formal mediation. However, the

4

record does not reflect that Dr. Ramoso or her professional liability carrier participated in the settlement attempts.

**{7}** Following settlement, AGH filed an unopposed motion for leave to amend its original complaint. AGH sought, among other things, to amend the original complaint to reflect the dismissal of the underlying lawsuit. AGH also removed its denials of Dr. Ramoso's and its own negligence that were included in the original complaint. The district court granted AGH's motion, and AGH filed the amended third-party complaint for indemnification (amended complaint) on May 18, 2009, three years and four months after the decedent's death.

**{8}** On January 26, 2010, Dr. Ramoso filed her first motion to dismiss the amended complaint. Dr. Ramoso argued that the amended complaint was, in fact, a "new" complaint that "converted [AGH's] indemnification cause of action into a medical negligence one." Therefore, Dr. Ramoso argued that the amended complaint was subject to the MMA's three-year statute of repose and should be barred as untimely. *See* § 41-5-13. The district court concluded that the amended complaint related back to the filing of the original complaint and denied the motion to dismiss.

**{9}** Dr. Ramoso then filed a motion for summary judgment arguing that the indemnity provision in Dr. Ramoso's employment contract prevented AGH from pursuing common law indemnification claims against Dr. Ramoso. Dr. Ramoso

contended that the contractual indemnity provision set out the parties' full understanding of Dr. Ramoso's indemnity liability and that AGH's equitable indemnification theories should not be used to circumvent the specific agreement of the parties. The district court found that there were genuine issues of material fact and denied Dr. Ramoso's motion for summary judgment.

{10}     Following the district court's denial of summary judgment, this Court decided *Christus St. Vincent Reg'l Med. Ctr. v. Duarte-Afara*, which held that claims for equitable indemnification between a hospital/employer and a doctor/employee are "malpractice claim[s]" and subject to the MMA's statute of repose. 2011-NMCA-112, ¶ 15, 267 P.3d 70 (internal quotation marks omitted), *cert. quashed*, 2012-NMCERT-005, 294 P.3d 447. Soon thereafter, Dr. Ramoso filed a second motion to dismiss on the same basis as her first motion to dismiss, this time with the added authority of *Christus St. Vincent*, and she further argued that the amended complaint failed to allege medical negligence by Dr. Ramoso. The district court granted Dr. Ramoso's second motion to dismiss, from which AGH now appeals.

**DISCUSSION**

**Standard of Review**

{11}     This appeal arises from an order dismissing a complaint for failure to state a claim upon which relief may be granted. Therefore, we apply the following standard:

6

A motion to dismiss pursuant to Rule 1-012(B)(6) NMRA . . . tests the legal sufficiency of the complaint. In reviewing an order granting a motion to dismiss, we accept as true all facts properly pleaded. A complaint is subject to dismissal under Rule 1-012(B)(6) only if under no state of facts provable thereunder would a plaintiff be entitled to relief. . . . Under this standard of review only the law applicable to such claim is tested, not the facts which support it.

*Hovet v. Lujan*, 2003-NMCA-061, ¶ 8, 133 N.M. 611, 66 P.3d 980 (alterations, internal quotation marks, and citation omitted).

**The District Court Did Not Reverse Its Previous Denial of Summary Judgment**

{12}    We agree with AGH that the issue regarding the contractual indemnity provision, which was raised in Dr. Ramoso's denied motion for summary judgment, is not properly before us. Having reviewed the record, we understand that AGH felt compelled to raise this issue in its appeal because the district court included in its order granting Dr. Ramoso's second motion to dismiss certain findings of fact and conclusions of law regarding this issue. Nevertheless, we conclude that these findings of fact and conclusions of law were not an appropriate means by which the district court could have effectively reversed its previous denial of Dr. Ramoso's motion for summary judgment, especially because the district court gave no indication that it intended to do so.

{13}    As noted above, the district court initially concluded that there were genuine issues of material fact as to whether the contractual indemnity provision limited

7

AGH's right to indemnity from Dr. Ramoso to the specific circumstances listed in the indemnity provision. The district court denied summary judgment on this basis. Following this denial, Dr. Ramoso did not attempt to revive her argument on this issue either in her second motion to dismiss or at the hearing on her second motion to dismiss. However, at the conclusion of the hearing on Dr. Ramoso's second motion to dismiss, the district court asked the parties to submit proposed findings of fact and conclusions of law. This was an unusual request, given that a motion to dismiss tests the sufficiency of a claim rather than the facts supporting a claim. *See Hovet*, 2003-NMCA-061, ¶ 8. Dr. Ramoso, in addition to proposing factual findings consistent with her second motion to dismiss, submitted proposed findings of fact and conclusions of law relevant to her previously denied motion for summary judgment. The district court adopted these findings, including a factual finding that the circumstances listed in the contractual indemnity provision granting a right to indemnity were not present under the facts of this case and a conclusion of law that "[c]ontractual claims for indemnification control over common law claims for indemnification."

{14} We have emphasized before that findings of fact and conclusions of law are improper when granting summary judgment "because the basic premise underlying an award of summary judgment is the absence of any genuine issues of material fact."

8

*Durham v. Sw. Developers Joint Venture*, 2000-NMCA-010, ¶ 45, 128 N.M. 648, 996 P.2d 911; *see Cordova v. State Taxation & Revenue, Prop. Tax Div.*, 2005-NMCA-009, ¶ 37 n.4, 136 N.M. 713, 104 P.3d 1104 ("We once again emphasize that it is not necessary, nor is it even proper, for orders granting summary judgment to include findings of fact because such findings are inconsistent with the very premise of a motion for summary judgment."). This similarly holds true in the context of a motion to dismiss for failure to state a claim for relief. "The purpose of a motion to dismiss for failure to state a claim for relief is to test the legal sufficiency of the claim, not the facts that support it." *Trujillo v. Berry*, 106 N.M. 86, 87, 738 P.2d 1331, 1332 (Ct. App. 1987).

{15}     In this case, Dr. Ramoso did not file a motion for reconsideration following denial of her summary judgment motion, nor did she attempt to re-argue the issue in the context of her second motion to dismiss. Consequently, AGH had no notice that Dr. Ramoso was attempting to revive the issue. Furthermore, the district court gave no indication that it was reconsidering its previous ruling on Dr. Ramoso's motion for summary judgment. Under these circumstances, we will not construe the district court's ruling on the second motion to dismiss as also reversing its previous denial of summary judgment based only on the inclusion of unnecessary and improper findings of fact and conclusions of law. Therefore, we disregard the district court's findings

9

of fact and conclusions law and proceed to consider only whether the district court properly granted Dr. Ramoso's second motion to dismiss on the basis of failure to state a claim under Rule 1-012(B)(6).

**The District Court Erred in Granting Dr. Ramoso's Second Motion to Dismiss**

{16} AGH assigns two errors to the district court's ruling. First, AGH argues that the district court erred in concluding that the amended complaint failed to state a claim because it did not make explicit allegations of medical negligence by Dr. Ramoso. Second, AGH argues that the district court erred in concluding that its amended complaint for indemnification was barred by the MMA's statute of repose. *See* § 41-5-13 ("No claim for malpractice arising out of an act of malpractice . . . may be brought against a health care provider unless filed within three years after the date that the act of malpractice occurred[.]"). We address each of these contentions in turn.

{17} In *Christus St. Vincent*, this Court considered whether claims for equitable indemnification fall within the MMA's broad definition of "malpractice claim[s]." 2011-NMCA-112, ¶¶ 13-15. In examining the nature of equitable indemnification, this Court reiterated that to state such a claim the plaintiff "must allege that the defendant [or indemnitor] caused some *direct harm* to a third party and that the plaintiff or [indemnitee] discharged the resulting liability from this harm." *Id.* ¶ 14 (alterations in original) (internal quotation marks and citation omitted). In other

words, the "indemnitor must be at least partly liable to the original plaintiff for his or her injuries." *Id.* (internal quotation marks and citation omitted)  A claim for equitable indemnification and a claim of malpractice may overlap when the "gravamen of the third-party action is predicated upon the allegation of professional negligence by a practicing physician." *Christus St. Vincent*, 2011-NMCA-112, ¶ 15 (internal quotation marks and citation omitted).

{**18**}  AGH's amended complaint incorporated the Ellesses' allegations in the underlying lawsuit regarding Dr. Ramoso's specific and separate acts or omissions that constituted alleged departures from the standard of care.  It further incorporated the Ellesses' allegations that AGH was vicariously liable for Dr. Ramoso's acts or omissions. Finally, for each count of indemnification, AGH alleged that, to the extent that it was found liable for the decedent's injuries, it was entitled to indemnification from Dr. Ramoso.  Based upon these allegations, we conclude that AGH stated a claim for equitable indemnification against Dr. Ramoso.  The amended complaint sufficiently provided notice of the acts or omissions of Dr. Ramoso that allegedly caused direct harm to the decedent, and it provided the basis for AGH's potential obligation to discharge the resulting liability from this harm. *See Christus St. Vincent*, 2011-NMCA-112, ¶ 14.

11

{19} To the extent that Dr. Ramoso argues that AGH's failure to explicitly admit Dr. Ramoso's negligence is fatal, we disagree. The amended complaint, like the original complaint, repeatedly referred to Dr. Ramoso's alleged acts and omissions in treating the decedent as "purported negligence." Under our liberal notice pleading standard, regardless of whether the allegations of negligence were characterized as purported or actual, they were sufficient to apprise Dr. Ramoso of the basis of AGH's claims. General allegations are sufficient "as long as they show that the party is entitled to relief and the averments are set forth with sufficient detail so that the parties and the court will have a fair idea of the action about which the party is complaining and can see the basis for relief." *Schmitz v. Smentowski*, 109 N.M. 386, 389-90, 785 P.2d 726, 729-730 (1990). Furthermore, given this Court's ruling in *Christus St. Vincent*, hospitals seeking indemnification from a negligent doctor will be required, in some instances, to file their indemnification claim while the underlying lawsuit is pending or risk having their indemnification claim barred by the statute of repose. *See Christus St. Vincent*, 2011-NMCA-112, ¶ 15. Were we to adopt Dr. Ramoso's argument, a hospital would be required to decide between foregoing its indemnification claim or admitting its employee's negligence during the pendency of the underlying lawsuit. That would be an unjust burden, and we accordingly reject Dr.

Ramoso's invitation to impose it upon AGH in this case. *See* Rule 1-008(F) NMRA ("All pleadings shall be so construed as to do substantial justice.").

**{20}** For similar reasons, we also hold that the district court erred in concluding that AGH's amended complaint was barred by the MMA's statute of repose. *See* § 41-5-13. AGH's original complaint, undisputedly filed within the three-year statute of repose, included qualifying language denying that Dr. Ramoso was negligent. After AGH settled the underlying case, AGH's unopposed motion to amend the original complaint was granted by the district court. Because the amended complaint removed AGH's denials of Dr. Ramoso's negligence and sought indemnification for the settlement amounts paid by AGH, Dr. Ramoso argued that the amended complaint was effectively transformed into a "new" complaint. Therefore, Dr. Ramoso argued that the amended complaint should be barred since it was filed after the statute of repose deadline expired. *See Christus St. Vincent*, 2011-NMCA-112, ¶¶ 13-15 (holding that hospital's equitable indemnification claims against a doctor arising out of alleged acts of professional negligence were "malpractice claim[s]" for the purposes of MMA and subject to the MMA's three year statute of repose).

**{21}** Dr. Ramoso's attempts to characterize the amended complaint as a "new" complaint are unpersuasive. In denying Dr. Ramoso's first motion to dismiss on this basis, the district court originally, and correctly, concluded that the amended

complaint related back to the original complaint. Under Rule 1-015(C) NMRA, an amendment to a pleading may relate back to the original filing date when "the claim . . . asserted in the amended pleading arose out of the conduct, transaction[,] or occurrence set forth or attempted to be set forth in the original pleading." The basis of AGH's amendments reflected the underlying settlement but still arose out of the same facts forming the basis of the original complaint. Furthermore, even if we were to agree with Dr. Ramoso that the amended complaint stated a new claim or cause of action, we would still conclude that the amended complaint related back to the original filing date. "A new cause of action may be alleged in an amended complaint, provided [that] it is founded on facts not wholly foreign to the facts originally pleaded." *Newbold v. Florance*, 54 N.M. 296, 299, 222 P.2d 1085, 1087 (1950). Therefore, because the original complaint was timely filed, we hold that the amended complaint was not barred by the MMA's statute of repose.

**Equitable Estoppel Does Not Apply to AGH's Amended Complaint**

{22} Dr. Ramoso only peripherally mentioned the doctrine of equitable estoppel in her second motion to dismiss, and she completely failed to mention the doctrine at the hearing on her second motion to dismiss. Nevertheless, the district court adopted findings that the doctrine of equitable estoppel bars AGH's claims for indemnification against Dr. Ramoso. For that reason alone we express the same reservation regarding

14

this issue on appeal as we did for those findings of fact and conclusions of law adopted by the district court relevant to the summary judgment issue discussed above.

{23} However, we also note that application of equitable estoppel requires more than a party simply taking an inconsistent position. *See Vill. of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty.*, 2010-NMCA-038, ¶ 21, 148 N.M. 804, 242 P.3d 371 (listing six elements of an equitable estoppel claim). Among the myriad of factors that a district court is to consider, we have emphasized that there must be some showing of a material and detrimental change in position by the party invoking equitable estoppel. *Envtl. Control, Inc. v. City of Santa Fe*, 2002-NMCA-003, ¶ 23, 131 N.M. 450, 38 P.3d 891 ("[T]he party claiming estoppel must assert that in reliance on the conduct of the party to be estopped, it was induced to take or for[e]go a position to its prejudice or detriment."). Because Dr. Ramoso failed to make this showing, we hold that the district court erred in concluding that the doctrine of equitable estoppel barred AGH's claims for indemnification.

**CONCLUSION**

{24} For the foregoing reasons, we reverse the district court's order granting Dr. Ramoso's motion to dismiss.

15

{25}    **IT IS SO ORDERED.**


 

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____

**TIMOTHY L. GARCIA, Judge**


_____

**M. MONICA ZAMORA, Judge**